[Cite as *JPMorgan Chase Bank v. Liggins*, 2019-Ohio-1076.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JPMorgan Chase Bank, National Association, | : | |
| | : | |
| Plaintiff-Appellee, | : | No. 18AP-725 |
| v. | | (C.P.C. No. 13CV-12908) |
| | : | |
| Ella N. Liggins, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellant, | : | |
| | : | |
| James Doe et al., | : | |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on March 26, 2019

**On brief:** *Bricker & Eckler LLP*, and *Anne Marie Sferra*, for appellee. **Argued:** *Anne Marie Sferra.*

**On brief:** *Ella N. Liggins*, pro se. **Argued:** *Ella N. Liggins.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Ella N. Liggins, appeals, pro se, from a judgment entry of the Franklin County Court of Common Pleas dismissing as moot her motion for relief from that court's prior judgment entry and decree in foreclosure. Because we conclude the trial court did not abuse its discretion by denying the motion without a hearing, we affirm.

**I. Facts and Procedural History**

{¶ 2} This court previously considered Liggins's pro se direct appeal from the trial court's judgment entry and decree in foreclosure. *JPMorgan Chase Bank, N.A. v. Liggins*, 10th Dist. No. 15AP-242, 2016-Ohio-3528. The facts of the case are more fully set forth in

the court's decision denying that direct appeal and affirming the trial court's judgment. *See id.* at ¶ 2-7. In brief, plaintiff-appellee, JPMorgan Chase Bank, N.A. ("JPMorgan Chase") filed a complaint in foreclosure on November 26, 2013 asserting it was entitled to enforce a note signed by Liggins that was secured by a mortgage on Liggins's home. *Id.* at ¶ 2. A magistrate of the trial court conducted a trial and issued a decision containing findings of fact and conclusions of law. *Id.* at ¶ 3-4. The magistrate concluded the mortgage was a valid lien on the real estate and that JPMorgan Chase was entitled to judgment on the note. The magistrate further concluded the mortgage should be foreclosed and the real estate ordered sold to satisfy the judgment. *Id.* at ¶ 4. Liggins filed objections to the magistrate's decision, but failed to file a transcript of the trial before the magistrate in support of her objections. *Id.* at ¶ 5. The trial court concluded that because no transcript had been filed it was limited in its review of Liggins's objections to the magistrate's findings of fact. On March 10, 2015, the trial court overruled Liggins's objections and adopted the magistrate's decision as its own, issuing a judgment entry and decree in foreclosure. *Id.* at ¶ 6.

{¶ 3} Liggins appealed to this court and requested a transcript of the trial before the magistrate the same day she filed her appeal. On May 12, 2015, the transcript was filed with the trial court. *Id.* at ¶ 7. On appeal, this court concluded it was bound by the magistrate's findings of fact that were adopted by the trial court and limited to considering only legal conclusions, because Liggins failed to provide a transcript to the trial court in support of her objections to the magistrate's decision and failed to show that a transcript was otherwise unavailable for purposes of Civ.R. 53. *Id.* at ¶ 12-14. In the context of this limited scope of review, the court found no merit in any of Liggins's legal arguments and affirmed the judgment of the trial court. *Id.* at ¶ 34.[1]

{¶ 4} On August 21, 2018, Liggins filed a pro se motion, pursuant to Civ.R. 60(B), for relief from the judgment entry and decree in foreclosure. On August 30, 2018, the trial court issued a decision and entry denying the motion as moot.

## II. Assignments of Error

{¶ 5} Liggins appeals and assigns the following four assignments of error for our review:

---

[1] This court denied a subsequent motion for reconsideration filed by Liggins. Both the Supreme Court of Ohio and the United States Supreme Court declined Liggins's appeals of this court's judgment on her direct appeal.

[I.] The trial court erred an abused its discretion when it denied the appellant's 60(B) relief from judgment motion to vacate, without holding a hearing, as there are questions of fact to be resolved.

[II.] The court erred and abused its discretion when it denied the appellant's Civ.R. 60(B) motion, when deliberate intentional deception and misrepresentation was used in order to obtain a judgement [sic] Fraud Upon the Court is committed, which allows relief from judgment.

[III.] The court erred and abused its discretion in denying the Motion for relief from judgement [sic], because it is uncertain who owns the mortgage for this property. There are multiple claimants to this property therefore JP Morgan Chase Bank, NA is not a real party in interest and lacked standing to invoke the jurisdiction of the court.

[IV.] The court erred and abused its discretion when it failed to correctly apply FHA/HUD laws governing the assignment, transfer, modification, default, loss mitigation, pre-foreclosure, foreclosure and sale of FHA mortgages and property.

## III. Analysis

{¶ 6} We begin with Liggins's second, third, and fourth assignments of error, in which she challenges the trial court's denial of her motion for relief from judgment. Because these assignments of error each involve the merits of Liggins's motion for relief from judgment, we will address them together.

{¶ 7} A trial court's decision to grant or deny a motion for relief from judgment under Civ.R. 60(B) is subject to review for abuse of discretion. *Wiltz v. Accountancy Bd. of Ohio*, 10th Dist. No. 16AP-169, 2016-Ohio-8345, ¶ 35. An abuse of discretion occurs when a court's judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 8} A party seeking relief from judgment under Civ.R. 60(B) "must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3) not more than one year after the judgment, order or proceeding was

entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. Civ.R. 60(B) requires a party to demonstrate one of the following grounds to support the request for relief from judgment:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

Liggins asserts she is entitled to relief under Civ.R. 60(B)(3) on the basis of fraud and misrepresentation.

{¶ 9}    Initially, we note a motion for relief from judgment on the basis of Civ.R. 60(B)(3) must be filed within one year after the judgment at issue.  The judgment entry and decree in foreclosure from which Liggins sought relief was issued on March 10, 2015. Liggins filed her motion for relief from judgment more than three years later, on August 21, 2018.  Therefore, the motion is untimely and cannot be considered.  However, if we were to consider the merits of Liggins's pro se motion for relief from judgment, we would affirm the trial court's judgment as her arguments are not meritorious for reasons explained below.

{¶ 10} Liggins argues in her motion that JPMorgan Chase failed to establish it owned the note and mortgage and, thus, lacked standing to seek foreclosure.  Liggins also argues JPMorgan Chase failed to comply with federal regulations governing pre-foreclosure requirements, and claims false documents were filed with the court in an attempt to establish compliance with those regulations.  These are arguments that Liggins raised in her direct appeal from the judgment entry and decree in foreclosure. *See Liggins* at ¶ 17-23, 29-33.  This court has previously held that "[a] litigant cannot use Civ.R. 60(B) to contest the legal correctness of the underlying judgment." *Stoyer v. Fogelman*, 10th Dist. No. 12AP-690, 2013-Ohio-1254, ¶ 5.  *See also Wells Fargo Bank, N.A. v. Smith*, 10th Dist. No. 09AP-559, 2009-Ohio-6576, ¶ 12 (holding trial court properly denied motion for relief from judgment where it "was nothing more than an attempt to reargue the merits of the summary judgment motion and not a proper use of Civ.R. 60(B)"); *Sain v. Roo*, 10th Dist.

No. 02AP-448, 2003-Ohio-626, ¶ 12 ("This court has carefully reviewed the allegations in appellants' latest motions and briefs, and finds that appellants have not presented any new evidence or arguments that would support relief under Civ.R. 60(B)(5)."). Thus, because Liggins's motion for relief from judgment simply reiterates her arguments regarding the trial court's original judgment, which we have affirmed, we conclude the trial court did not abuse its discretion by denying the motion.

{¶ 11} Accordingly, we overrule Liggins's second, third, and fourth assignments of error.

{¶ 12} In her first assignment of error, Liggins asserts the trial court abused its discretion by denying her motion for relief from judgment without conducting a hearing. "[I]f the Civ.R. 60(B) motion contains allegations of operative facts which would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion." *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151 (1996). "Conversely, an evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ.R. 60(B)." *Id.* As explained above, Liggins's motion simply reasserted her arguments relating to the judgment entry and decree in foreclosure, which is not a proper basis for relief under Civ.R. 60(B). Therefore, the trial court did not abuse its discretion by denying the motion for relief from judgment.

{¶ 13} Accordingly, we overrule Liggins's first assignment of error.

## IV. Conclusion

{¶ 14} For the foregoing reasons, we overrule Liggins's four assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and McGRATH, JJ., concur.

McGRATH, J., retired, formerly of the Tenth Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____