OPINION
{¶ 1} The appellant, Cynthia Fisher (hereinafter "Cynthia") and appellee/cross-appellant, Richard Fisher (hereinafter "Richard") appeal the judgment of the Henry County Court of Common Pleas, denying their respective Civ.R. 60(B) motions. Richard also asserts assignments of error regarding the trial court's denial of his motion for new trial and a motion to correct errors and finding him in contempt for non-payment.
 {¶ 2} The parties brought a prior appeal of their original divorce decree to this court on March 22, 2002, titled Fisher v.Fisher, Henry App. No. 7-01-12, 2002-Ohio-1297. The current appeal is being considered following the judgment of the trial court upon remand of the previous appeal. The facts and procedural history pertinent to the case sub judice are as follows.
 {¶ 3} Richard and Cynthia Fisher were married on July 5, 1985. During the course of the marriage Richard worked as an attorney and partner in the law firm of Hanna Fisher in Napoleon, Ohio. Cynthia worked outside the home until the birth of the couple's first child in November 1986, after which she continued to work as a self-employed consultant. The couple had another child in 1991.
 {¶ 4} Richard and Cynthia's marriage began to deteriorate after the birth of their second child and they attended marriage counseling at various times between 1993 and 1998. On February 5, 1998, Cynthia filed a complaint for divorce. A final divorce hearing was held November 22-24, 1999 to determine child support, spousal support and property valuation. Following this hearing, the parties were divorced by way of an order of the Henry County Court of Common Pleas entered July 26, 2001.
 {¶ 5} In its judgment entry, the trial court ordered that Cynthia be awarded $144,973.56 to equalize the distribution of marital assets. The trial court further stated that this award "shall bear interest at the legal rate per annum commencing on November 22, 1999."
 {¶ 6} Richard appealed the July 26, 2001 order of the Henry County Court of Common Pleas to this court regarding this award of interest claiming that it was against the weight of the evidence, an abuse of discretion, contrary to law and contrary to the trial court's intentions. In addition, Richard set forth seven additional assignments of error.
 {¶ 7} The decision of this court was entered March 22, 2002, wherein we sustained Richard's assignment of error regarding the determination of the basic child support obligation, and overruled the other seven assignments of error including the error alleged in the award of interest. The case was remanded to the trial court.
 {¶ 8} Following our decision and the remand to the trial court, Cynthia filed a motion for contempt against Richard for non-payment of certain sums pursuant to the divorce decree including the interest on the $144,973.56 and a Visa credit card debt in the amount of $6,983.17.
 {¶ 9} The trial court entered its order of contempt on January 21, 2003. Interpreting our appellate decision, the trial court found that Cynthia was entitled only to the actual
interest that may have accrued on the $144,973.56 and not interest at the statutory rate of 10 percent. Moreover, the trial court found that because the money was not held in a specific account, no interest had actually accrued on this amount. Accordingly, the trial court did not find Richard in contempt for failure to pay the interest.
 {¶ 10} The trial court further found that Richard had been in default of payment on the Visa credit card debt until the date of payment, which was May 21, 2002. The trial court ordered that Richard pay the interest that had accrued on this debt from the date of the divorce decree.
 {¶ 11} In response to the order of contempt, Richard filed a Motion to Correct Errors, a Civ.R. 60(B) Relief from Order and a Motion for a New Trial. Cynthia, in turn, filed a Civ.R. 60(B) motion to seek relief from the trial court's determination that the "interest" due on the $144,973.56 was actual interest and not the statutory rate.
 {¶ 12} On March 21, 2003, the trial court entered an order regarding these motions. The trial court reaffirmed its January 21, 2003 order that Cynthia was entitled only to the actual interest that had accrued on the $144,973.56. The trial court further found that no actual interest had accrued on the amount because Cynthia failed to present evidence that the funds had been placed in an interest bearing account. The trial court dismissed Richard's motion for a new trial, and denied both parties' Civ.R. 60(B) motions.
 {¶ 13} It is from this decision that Cynthia appeals, asserting one assignment of error. Richard also appeals, asserting four assignments of error for our review. For clarity, we will review Cynthia's assignment of error first.
 Plaintiff-Appellant/Cross Appellee's Assignment of Error No. I. The trial court erred in its further interpretation ofinterest awarded on Plaintiff's property distribution; rather thedoctrine of the law of the case and principles of res judicataapplied to issues already determined and upheld in earlierproceedings.
 {¶ 14} In her Civ.R. 60(B) motion, Cynthia contended that the trial court erred in interpreting our decision regarding the interest owed on the $144,973.56 property settlement. She claimed that the issue of interest had been settled by the original order of the trial court and the subsequent appeal to this court and should not have been relitigated. Therefore, she argues to this court that the trial court should have declined any discussion of the interest owed on the property settlement and should have found the award of $144,973.56 to "bear interest at the legal rate per annum commencing on November 22, 1999" as provided in the trial court's July 26, 2001 judgment entry.
 {¶ 15} The standard of review to be applied in appeals from the award or denial of Civ.R. 60(B) motions is an abuse-of-discretion standard. Doddridge v. Fitzpatrick (1978),53 Ohio St.2d 9. An abuse of discretion connotes an attitude by the court which is arbitrary, unconscionable, or unreasonable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 16} As previously noted, this court resolved the issue of the interest available on the $144,973.56 awarded to Cynthia as an equalization of the property settlement ordered by the divorce decree in our prior decision in this case. In the previous opinion, this court expressly stated that, "[t]he trial court's order * * * does not indicate an intent to order Richard to pay interest on an obligation. The same is true with respect to the award for $144,973.56." Fisher v. Fisher, Henry App. No. 7-01-12, 2002-Ohio-1297. Emphasis added.
 {¶ 17} After our decision was issued, Cynthia made a motion for contempt before the trial court, claiming that Richard had failed to make payments as directed by the divorce decree. In ruling on this motion, the trial court interpreted our decision, determining that, "it is clear the Court of Appeals has found that the interest referred in reference to the * * * $144,973.56 is the interest that has accrued pursuant to investment on th[at] account from November 22, 1999 up until the time of their conveyance."
 {¶ 18} We find it was necessary to determine the amounts that Richard owed before the trial court could determine whether the amounts had been paid. Determining the interest owed on these sums was necessarily incident to calculating Richard's indebtedness. We do not find that the trial court abused its discretion by its application of our prior decision regarding the interest due on the $144,973.56 and its denial of Cynthia's Civ.R. 60(B) motion.
 {¶ 19} Cynthia further argues that the trial court's interpretation violated principles of res judicata and the law of the case doctrine. In determining the applicability of these legal doctrines, we utilize a de novo standard of review. OhioBell Tel. Co. v. Pub. Util. Comm. (1992), 64 Ohio St.3d 145,147. That is, we review the motion independently, without affording deference to the trial court's determination. Schuchv. Rogers (1996), 113 Ohio App.3d 718, 720.
 {¶ 20} The Supreme Court of Ohio has explained res judicata as "[a] valid, final judgment rendered upon the merits [which] bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."Grava v. Parkman Twp. (1995),73 Ohio St.3d 379. In contrast, the law of the case provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3. Therefore, when a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal at a rehearing following remand, the court is bound to adhere to the appellate court's determination of the applicable law. Id. Moreover, the trial court is without authority to extend or vary the mandate given. Hammon v. OhioEdison Co., Columbiana App. No. 00-CO-51, 2002-Ohio-2287. (Citations omitted.)
 {¶ 21} We do not find that principles of res judicata were implicated or violated by the trial court's actions. Moreover, we are bound by our previous determination of the first appeal where in we ordered that Cynthia was entitled to the actual interest earned. See Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3.
 {¶ 22} Appellant's first assignment of error is thereby overruled.
 Defendant-Appellee/Cross Appellant's Assignment of Error No. I. The trial court's finding that defendant owed statutoryinterest to plaintiff associated with Visa debt and the increasedtemporary spousal support was contrary to law.
 {¶ 23} In ruling on the motion for contempt, Richard argues that the trial court erred in assessing interest on the delinquent payment of the Visa credit card bill and temporary spousal support. He contends that R.C. 3123.17, which allows interest on support orders in the event of default, is only applicable "when a court issues or modifies a court support order." Richard asserts that the court did neither in this case.
 {¶ 24} R.C. 3123.17 states in relevant part:
(A) When a court issues or modifies a court support order, thecourt shall determine the following:
(1) Whether the obligor is in default under a prior court support order or the court support order being modified;
(2) If the obligor is in default, the date the court support order went into default and the amount of support arrearages owed pursuant to the default.
If the court determines the obligor is in default under a support order, the court shall issue a new order requiring the obligor to pay support. If the court determines the default was willful, the court may assess interest on the arrearage amount from the date the court specifies as the date of default to the date the court issues the new order requiring the payment of support and, if interest is assessed, shall compute the interest at the rate specified in section 1343.03 of the Revised Code.
 {¶ 25} R.C. 1343.03 specifies that "[i]nterest on a judgment * * * shall be computed from the date the cause of action accrued to the date on which the money is paid."
 {¶ 26} In the case sub judice, Richard and Cynthia stipulated Richard's arrearage of $6,983.17 on the Visa credit card bill and $29,250 in temporary support and stipulated the date these payments were made, May 21, 2002. Therefore, the trial court determined that Richard's default had been established.
 {¶ 27} The burden was then shifted to Richard to establish his inability to comply with the original payment order. Richard did not meet this burden and the trial court found "it [was] necessary to issue a new support order * * *." Since Richard had not shown that he was unable to make the payments in compliance with the previous divorce decree, the court found that assessing interest on the amount in arrearage was warranted, pursuant to R.C. 3123.17. The trial court then issued a new support order which included the payment of interest.
 {¶ 28} We find that Richard has not presented any evidence to this court that he was unable to comply with the original divorce decree or to make the payments as ordered therein. Therefore, we cannot find that the trial court erred in assessing interest on the Visa credit card debt or the temporary spousal support as Richard had not made a good faith effort to fulfill his court-ordered payments on time.
 {¶ 29} Moreover, after reviewing the record, we find that the trial court's assessment of interest was not contrary to law. As provided by R.C. 3123.17, the trial court added interest to Richard's arrearage upon issuing a new support order. We do not find that this action by the trial court runs afoul of statutory authority.
 {¶ 30} Accordingly, cross-appellant's first assignment of error is overruled.
 Defendant-Appellee/Cross Appellant's Assignment of Error No. II. The trial court's finding that defendant owed money toplaintiff was against the weight of the evidence.
 {¶ 31} Richard argues that the trial court improperly determined that he was in contempt of court for failure to make payment as directed by the divorce decree, maintaining that he not only paid the entire amount due, but that he overpaid. Richard claims that the trial court erred in applying his payments. He argues that the payments should have been applied first to the Visa credit card bill and the temporary support and then to the $144,973.56 property division. If the payments had been applied in this way, he asserts, the calculation of interest would have been different and the trial court would have found he had overpaid in the amount of $1,337.89.
 {¶ 32} The Ohio Supreme Court has stated that "the purpose of contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice."Denovcheck v. Trumbull Cty. Bd. of Commrs. (1988),36 Ohio St.3d 16, quoting Windham Bank v. Tomaszczyk (1971),27 Ohio St.2d 55. Therefore, a trial court is permitted great latitude in dealing with issues of contempt and such decisions will not be reversed absent an abuse of the trial court's discretion. An abuse of discretion connotes more than an error in law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 33} On a claim that a judgment is against the manifest weight of the evidence, we are guided by the standard that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279.
 {¶ 34} In the case sub judice, Richard and Cynthia stipulated to the underlying facts of the contempt action. Specifically, the calculations of monies owed and the payment dates were stipulated. The only contested issue at the contempt hearing was whether Richard had a legal obligation to pay interest on the stipulated amounts.
 {¶ 35} Richard cites no authority for his proposition that his payments should have been applied in a particular order. Therefore, the application of these payments to Richard's indebtedness was left to the trial court's discretion and we cannot find that the trial court abused this discretion. The trial court's finding that Richard had not satisfied his payment obligations was neither unreasonable, arbitrary nor unconscionable. We also cannot find that the trial court's determination was against the manifest weight of the evidence as the facts stipulated to by both parties provided the trial court with competent, credible evidence of Richard's default.
 {¶ 36} Cross-appellant's second assignment of error is overruled.
 Defendant-Appellee/Cross Appellant's Assignment of Error No. III. The trial court's finding that defendant was in contempt ofthe previous orders of the court, and the sanctions imposed as aresult of that finding, were against the weight of the evidenceand contrary to law.
 {¶ 37} Richard argues within this assignment of error that the finding of contempt and the sanctions imposed should be vacated. He bases this argument on the fact the trial court erred in awarding interest on the Visa credit card bill and the temporary support orders, as argued in his first assignment of error and in finding that he had defaulted on his obligation to pay, as argued in his second assignment of error. He further argues that even if the trial court did not err in awarding interest or finding him in contempt, the divorce decree was too indefinite and uncertain for proper compliance. Having overruled Richard's first and second assignments of error, we will only address his final argument with respect to this assignment of error.
 {¶ 38} Civil contempt is the failure to comply with a court order in a civil action that will benefit the opposing party.Pedone v. Pedone (1983), 11 Ohio App.3d 164, 165, paragraph one of the syllabus. In order to be found in contempt, one does not have to willfully violate the court order; it is enough if it is found that the dictates of the judicial decree were not followed.Id., paragraph two of the syllabus. As stated herein, an appellate court will not reverse a judge's decision in a contempt proceeding absent an abuse of discretion. Denovchek v. TrumbullCty. Bd. of Commrs. (1988), 36 Ohio St.3d 14, 16.
 {¶ 39} The divorce decree in the case sub judice provided that "Richard Fisher shall be responsible for and pay the sum of $6,983.17 of the First Bank of South Dakota Visa * * * as and for spousal support." The decree further provided, "[t]he Court finds that the temporary spousal support in this matter, effective March 29, 1998, shall be $2,750.00 per month. Defendant shall accordingly pay an additional $750.00 per month in spousal support, commencing April 1, 1998 through the month of June 2001."
 {¶ 40} Based on the express language in the trial court's judgment entry in granting the divorce, we cannot find the divorce decree to be uncertain or indefinite to warrant non-compliance with the orders contained therein. Furthermore, if Richard found the divorce decree to be so ambiguous that he did not understand his payment obligations, it would have been more appropriate to raise this issue during his first/original appeal of the divorce decree to this court. Accordingly, the trial court did not abuse its discretion in finding Richard in contempt.
 {¶ 41} Cross-appellant's third assignment of error is overruled.
 Defendant-Appellee/Cross Appellant's Assignment of Error No. IV. The trial court erred by awarding attorney fees without ahearing on the issue.
R.C. 3105.18(H) provides:
In divorce or legal separation proceedings, the court mayaward reasonable attorney's fees to either party at any stage ofthe proceedings, including, but not limited to, any appeal, anyproceeding arising from a motion to modify a prior order ordecree, and any proceeding to enforce a prior order or decree, ifit determines that the other party has the ability to pay theattorney's fees that the court awards. When the court determineswhether to award reasonable attorney's fees to any party pursuantto this division, it shall determine whether either party will beprevented from fully litigating that party's rights andadequately protecting that party's interests if it does not awardreasonable attorney's fees.
The decision to award attorney fees as part of an award of spousal support under this statute is vested in the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. Carman v. Carman (1996),109 Ohio App.3d 698.
 {¶ 42} At the contempt hearing, Richard objected to the presentation of evidence on attorney fees. Rather than present evidence, he asked the trial court to reserve decision on the award of attorney fees until there was a decision regarding contempt and a need to have a hearing on the fees. The trial court granted Richard's request.
 {¶ 43} The trial court also gave both parties fourteen days to submit "any additional memoranda or argument that they desire regarding the legal issues in this case and the application of the law to those facts." The record reflects that Cynthia filed a memorandum to supplement evidence following the contempt hearing, to which Richard responded. Richard's response, however, was limited to the issues presented by Cynthia's motion and made no mention of the propriety of awarding attorney fees. The trial court subsequently awarded attorney fees in its January 21, 2003 contempt order.
 {¶ 44} Richard objected to this award, among other determinations made in the contempt order, and filed a Civ.R. 60(B) motion, a motion for a new trial and a motion to correct errors. In ruling on these motions, the trial court found that Richard had waived all objections to the imposition of attorney fees since he was given an opportunity to object and failed to do so.
 {¶ 45} Richard now contends to this court that the trial court erred by awarding attorney fees in the amount of $1,587.50 based solely on an affidavit by Cynthia and without holding a hearing on the issue. Richard argues that although he objected to the presentation of evidence regarding attorney fees at the contempt hearing, he did so with the belief that he would be able to cross-examine Cynthia's affidavit of fees at a subsequent hearing.
 {¶ 46} This court has previously held that a trial court can, within its discretion, forgo the option of a hearing on the issue of attorney's fees. Fisher v. Fisher, Henry App. No. 7-01-12, 2002-Ohio-1297, citing Patterson v. Patterson (Dec. 14, 1998), Adams App. No. 97CA654. Accordingly, we do not find that the trial court abused its discretion in awarding attorney fees without conducting a hearing.
 {¶ 47} Cross-appellant's fourth assignment of error is overruled.
 {¶ 48} Having found no error prejudicial to appellant or cross-appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Walters, P.J., concurs.
Shaw, J., concurs in judgment only.