[Cite as *Dublin v. RiverPark Group*, 2020-Ohio-4892.]

BlIN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| City of Dublin, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-429 |
| v. | : | (C.P.C. No. 15CV-8662) |
| RiverPark Group, L.L.C., et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellants. | : | |

D E C I S I O N

Rendered on October 13, 2020

**On brief:** *Frost Brown Todd, LLC*, and *Philip K. Hartman, Jeremy M. Grayem, and Yazan S. Ashrawi*, for appellee. **Argued:** *Yazan S. Ashrawi.*

**On brief:** *Warner Mendenhall,* and *Karen Edwards-Smith*, for appellant. **Argued:** *Karen Edwards-Smith.*

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendants-appellants, RiverPark Group, L.L.C. and River Ridge Office Condominium ("RiverPark"), appeal the June 5, 2019 decision of the Franklin County Court of Common Pleas denying their January 17, 2019 Civ.R. 60(B) motion for relief from judgment for lack of jurisdiction. RiverPark asserts a single assignment of error—that "[t]he trial court erred in determining that it did not have jurisdiction over RiverPark's motion for relief from judgment under Civ.R. 60(B)." For the following reasons, we sustain RiverPark's assignment of error, reverse, and remand the case to the trial court to consider RiverPark's motion.

No. 19AP-429

{¶ 2} The dispute underlying this case concerns the appropriation of easements over RiverPark's property by the City of Dublin for the construction of a shared-use path, as well as the amount of compensation awarded to RiverPark for those easements. Detailed facts and much of the procedural history are set forth in this court's decision in *Dublin v. RiverPark Group, L.L.C.*, 10th Dist. No. 18AP-607, 2019-Ohio-1790 ("*RiverPark I*"), but essentially, Dublin filed a complaint in September 2015 seeking to appropriate a permanent easement over a small section of RiverPark's property for roadway improvements at the intersection of State Route 161 and Riverside Drive and a shared-use path adjacent to Riverside Drive.

{¶ 3} The parties were unable to reach a settlement, and nearly three years later, the case proceeded to trial. The parties filed a joint stipulation stating that on the date of the take, an appraiser assessed the easement value and compensation due to RiverPark at $35,930. The case proceeded to trial before a jury, and RiverPark did not present an expert to dispute that evidence of value. On July 11, 2018, the court awarded Dublin the easement and ordered payment to RiverPark at the appraised amount.

{¶ 4} On August 10, 2018, RiverPark filed an appeal of the judgment but, on January 17, 2019 and while that original appeal was pending in this court, it filed the Civ.R. 60(B) motion for relief from judgment that is at issue in this case. At the same time, RiverPark filed a motion in this court to remand the original appeal case to the trial court for consideration of its Civ.R. 60(B) motion. In the remand motion, RiverPark argued that newly discovered evidence demonstrated that the appraiser's valuation and testimony was biased and constituted "fraud, misrepresentation, or other misconduct" under Civ.R. 60(B)(3) because the appraiser's company entered into an agency contract with Dublin regarding the acquisition of a completely separate and unrelated piece of property several

No. 19AP-429

days after trial ended. On February 6, 2019, this court denied RiverPark's motion to remand and, on May 9, 2019, we affirmed the trial court's appropriation and award of compensation on the merits. *See RiverPark I.* RiverPark's Civ.R. 60(B) motion remained pending in the trial court throughout this period.

**{¶ 5}** Approximately one month later, on June 5, 2019, the trial court denied RiverPark's Civ.R. 60(B) motion for lack of jurisdiction. RiverPark filed an appeal to the Supreme Court of Ohio of our merits decision in *RiverPark I* on June 27, 2019, and filed this appeal on July 8, 2019. Following the close of briefing in this appeal but prior to the scheduling of oral argument, the Supreme Court declined jurisdiction over *RiverPark I. Dublin v. RiverPark Group, L.L.C.*, 157 Ohio St.3d 1405, 2019-Ohio-3731.

**{¶ 6}** Generally, a trial court loses jurisdiction to act in a case after an appeal has been taken. *State ex rel. Continental Cas. Co. v. Birrell*, 164 Ohio St. 390, 392 (1955), cited in *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978). "Once a party has appealed an underlying judgment, a trial court loses jurisdiction to consider Civ.R. 60(B) motions for relief from judgment * * * [and the] trial court only acquires jurisdiction to consider a Civ.R. 60(B) motion if the appellate court remands the matter to the trial court." *Slats & Nails Pallets, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-690, 2015-Ohio-1238, ¶ 19, citing *Howard v. Catholic School Serv. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 147 (1994). Nevertheless, the trial court "does retain jurisdiction over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment," such as "collateral issues like contempt, appointment of a receiver and injunction." *Special Prosecutors*, 55 Ohio St.2d at 97. And more directly to this appeal, a trial court does have jurisdiction to entertain a properly-filed Civ.R. 60(B) motion after an appeal is dismissed or disposed. *See, e.g.,*

No. 19AP-429

*Duncan v. Capitol S. Community Urban Redevelopment Corp.*, 10th Dist. No. 02AP-653, 2003-Ohio-1273, ¶ 19, citing *State ex rel. Newton v. Court of Claims*, 73 Ohio St.3d 553, 558 (1995). *See also State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 12-13 (collecting cases), and *State ex rel. Rock v. School Emp. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, ¶ 9 ("neither S.Ct.Prac.R. II(2)(D)(1) nor the foregoing precedent authorizes a court to dismiss a case for lack of jurisdiction once the appeal involving the case has concluded").

{¶ 7} We are therefore compelled to conclude that the trial court did in fact have jurisdiction to rule upon RiverPark's Civ.R. 60(B) motion on the date it issued its order denying the motion for lack of jurisdiction. And because the merits of RiverPark's appeal from the verdict became absolutely final on September 17, 2019 (when the Supreme Court denied jurisdiction over the case, *see Dublin v. RiverPark Group, L.L.C.*, 157 Ohio St.3d 1405, 2019-Ohio-3731 (memorandum decision)) the trial court has jurisdiction to decide the Civ.R. 60(B) on remand.

{¶ 8} Our decision is limited to the holding that the trial court had jurisdiction to decide RiverPark's Civ.R. 60(B) motion. We express no opinion on the merits of the motion, nor upon the effect of the Supreme Court of Ohio's subsequent decision to deny jurisdiction over RiverPark's appeal from trial. We simply hold that the trial court erred by determining it lacked jurisdiction to decide the motion on June 5, 2019. RiverPark's assignment of error is accordingly sustained, and the judgment of the Franklin County Common Pleas is reversed and remanded.

*Judgment reversed and remanded.*

BRUNNER and NELSON, JJ., concur.

———————