[Cite as *Lane v. U.S. Bank, N.A.*, 2021-Ohio-1891.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Thomas R. Lane, | : | |
| Plaintiff-Appellant, | : | No. 20AP-335 |
| | | (C.P.C. No. 19CV-7293) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| U.S. Bank, N.A., as Trustee et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on June 3, 2021

**On brief:** *Thomas R. Lane*, pro se. **Argued:** *Thomas R. Lane.*

**On brief:** *Blank Rome, LLP*, *William L. Purtell,* and *John R. Wirthlin*, for appellee U.S. Bank, N.A. **Argued:** *William L. Purtell.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1}   Plaintiff-appellant, Thomas R. Lane, appeals from a judgment of the Franklin County Court of Common Pleas denying his motions for default judgment and dismissing with prejudice his action against defendants-appellees, U.S. Bank, N.A., as Trustee ("U.S. Bank"), and GMAC Mortgage LLC ("GMAC").  For the following reasons, we affirm.

**I.  Facts and Procedural History**

{¶ 2}   In September 2019, Lane initiated this action against U.S. Bank and GMAC, asserting a single claim of fraud.  Lane alleged that appellees "entered false and misleading statements into their Appellee Brief[,]" that these statements "caused the trial court and the appeals court to decide without having a formal trial[,]" and that this fraudulent conduct caused significant injury to him.  (Sept. 9, 2019 Compl. at 1-2.)  Lane prayed for $10 million

in compensatory damages and $10 million in punitive damages. Service on appellees was completed via certified mail, but neither responded as provided in the Ohio Rules of Civil Procedure. Lane filed two motions for default judgment against appellees. Pursuant to Civ.R. 53 and 55, and Franklin County Court of Common Pleas Local Rule 99.02, the trial court referred the matter to a magistrate to conduct an evidentiary hearing concerning Lane's default judgment motions. The assigned magistrate held the evidentiary hearing in December 2019, and she issued her decision in April 2020.

{¶ 3} In her decision, the magistrate outlined her findings of fact and conclusions of law, including her conclusion that, based on the evidence presented, Lane failed to satisfy all elements necessary to prove a fraud claim against appellees. Consequently, the magistrate recommended the trial court deny Lane's default judgment motions and dismiss the matter with prejudice. Lane filed a "motion for reconsideration," which the trial court construed as objections to the magistrate's decision. In reviewing Lane's objections, the trial court noted that Lane failed to file a copy of the transcript of the evidentiary hearing before the magistrate. Finding no error of law or other defect in the magistrate's decision, the trial court adopted the magistrate's decision in its entirety. Accordingly, the trial court denied Lane's default judgment motions and dismissed the matter with prejudice.

{¶ 4} Lane timely appeals.

## II. Assignments of Error

{¶ 5} Lane assigns the following errors for our review:

> [1.] Trial court erred in not granting appellants motion for default judgement on 10-16-2019 GMAC LLC, 10-23-2019 U.S Bank 10-23-19 and scheduling an evidentiary hearing 12-4-2019
>
> [2.] 4Trial Court erred in denying appellants request for default judgement at a civil rule 55 evidentiary hearing held on Dec. 4, 2019. Pursuant on the grounds that the plaintiff did not establish the requisite elements for fraud.
>
> [3.] Trial court erred in denying appellants request for reconsideration pursuant to Ohio civil rule 124-15-05. The Court made the decision pursuant to civil rule 53.

> [4.] Local rule 23.01 Trial procedure shall be in accordance with statute or rules of the Supreme Court of Ohio. Default judgements are according to Ohio civil rule (55)

(Sic passim.)

## III. Discussion

{¶ 6}   Collectively, Lane's assignments of error allege the trial court erred in holding an evidentiary hearing regarding his requests for default judgment and in denying those requests.  These assignments of error lack merit.

{¶ 7}   Civ.R. 55 governs default judgment and provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor."  This rule further states:  "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties." Civ.R. 55(A).  This means that even when a defendant fails to answer or otherwise respond, the trial court "is not automatically required to enter default judgment." *Caryn Groedel & Assocs. Co., LPA v. Crosby*, 8th Dist. No. 93619, 2010-Ohio-3314, ¶ 28.  The trial court has discretion, as it deems necessary and proper, to conduct an evidentiary hearing on any issue relating to a default judgment motion. *Phillips v. Ratchet Automotive & Performance*, 10th Dist. No. 19AP-399, 2021-Ohio-1033, ¶ 18.  For example, a trial court may require a party to substantiate its claims with evidence. *Mercury Fin. Co., LLC v. Smith*, 8th Dist. No. 87562, 2006-Ohio-5730, ¶ 11.  We review under an abuse of discretion standard a trial court's decision to conduct a Civ.R. 55 hearing prior to entering a default judgment. *Wampum Hardware Co. v. Moss*, 5th Dist. No. 14 CA 20, 2015-Ohio-2564, ¶ 25.  A trial court abuses its discretion when its attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 8}   Here, Lane asserted a claim of fraud against appellees.  Upon reviewing the complaint, the trial court deemed it necessary to require Lane to substantiate this claim with evidence, and it referred the matter to a magistrate to hold an evidentiary hearing.

Lane argues this was error because appellees did not file an answer or otherwise respond to his complaint. He asserts appellees' failure to file any response to his complaint required the trial court to enter default judgment in his favor. But this assertion fails to acknowledge the trial court's discretion, outlined above, to require a plaintiff to substantiate a claim with evidentiary proof prior to entering any default judgment. Lane fails to show that the trial court acted unreasonably, arbitrarily, or unconscionably in requiring him to establish his fraud claim with evidentiary proof. Thus, we reject his contention the trial court erred in holding a Civ.R. 55 evidentiary hearing regarding his fraud claim against appellees.

{¶ 9} We also reject Lane's argument the trial court erred in denying his motions for default judgment. The magistrate found Lane failed to present at the Civ.R. 55 hearing any credible evidence demonstrating appellees made a false statement, as required to establish a fraud claim. *See Santagate v. Pennsylvania Higher Edn. Assistance Agency (PHEAA)*, 10th Dist. No. 19AP-705, 2020-Ohio-3153, ¶ 37 (To prevail on a fraud claim, a plaintiff must prove: (1) a representation, or if a duty to disclose exists, concealment of a fact, (2) that is material to the transaction at issue, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent to mislead another into relying on it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance.). Based on this finding, the magistrate recommended the trial court deny Lane's default judgment motions and dismiss the matter with prejudice.

{¶ 10} Pursuant to Civ.R. 53(D)(3)(b), Lane filed objections to the magistrate's decision, extensively arguing the underlying facts of the matter. However, he did not file a transcript of the evidentiary hearing, even though any objection challenging a magistrate's factual finding "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii).[1] Thus, the trial court's review of Lane's objections was limited to a record that did not include the evidence presented at the hearing before the magistrate. Based on the trial court's review of the limited record, it found no error of law

---

[1] Lane has not alleged a transcript of the hearing was "not available" for the purpose of Civ.R. 53(D)(3)(b)(iii).

or other defect in the magistrate's decision, and it therefore overruled Lane's objections and adopted the decision in its entirety.

{¶ 11} In this appeal, Lane fails to identify any error in the trial court's analysis and disposition of his motions for default judgment. His central argument is the trial court erred in not granting default judgment as a matter of law because appellees did not answer or otherwise file a response in defense of the complaint. But, as discussed above, Lane fails to demonstrate the trial court acted unreasonably, arbitrarily, or unconscionably in requiring Lane to substantiate his fraud claim at an evidentiary hearing. And to the extent he challenges the magistrate's findings of fact adopted by the trial court, we, like the trial court, must presume those findings were correct and supported by the evidence in the absence of a filed transcript of the evidentiary hearing. *James v. My Cute Car, LLC*, 10th Dist. No. 16AP-603, 2017-Ohio-1291, ¶ 15. The remainder of Lane's arguments in his appellate brief are either wholly impertinent to the trial court proceedings or lack any development to warrant discussion. For these reasons, we are unpersuaded by Lane's contention that the trial court erred in denying his motions for default judgment.

{¶ 12} Accordingly, we overrule all four of Lane's assignments of error.

## IV. Disposition

{¶ 13} Having overruled all four of Lane's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, P.J., and SADLER, J., concur.