**[Cite as *Lane v. U.S. Bank N.A.*, 2024-Ohio-4884.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Thomas Lane, :

  Plaintiff-Appellant, :

v. :

               No. 24AP-112
               (C.P.C. No. 22CV-3051)

U.S. Bank N.A. as Trustee, et al, :

               (REGULAR CALENDAR)

  Defendants-Appellees. :

_____

D E C I S I O N

Rendered on October 8, 2024

_____

**On brief:** *Thomas Lane*, pro se. **Argued:** *Thomas Lane.*

**On brief:** *Blank Rome, LLP*, and *John R. Wirthlin*, for
appellee. **Argued:** *John R. Wirthlin.*

_____

APPEAL from the Franklin County Court of Common Pleas

BOGGS, J.

{¶ 1} Plaintiff-appellant, Thomas Lane, appeals the judgment of the Franklin
County Court of Common Pleas denying his motion for relief from judgment. For the
following reasons, we affirm the trial court's judgment.

**I. FACTS AND PROCEDURAL BACKGROUND**

{¶ 2} Lane, acting pro se, filed this action on May 6, 2022, asserting that
defendants-appellees, U.S. Bank N.A. as Trustee and GMAC Mortgage LLC (collectively,
"appellees"), committed fraud on the court by making false and misleading statements in
the appellate brief they filed in *Lane v. U.S. Bank, N.A.*, 10th Dist. No. 20AP-335, 2021-
Ohio-1891, an appeal that Lane instituted in a prior case against appellees.[1] Lane alleged

_____

[1] This is the latest in a long line of cases between Lane and appellees, beginning with a foreclosure action filed
against Lane in 2008. *See U.S. Bank National Assn. v. Lane*, Franklin C.P. No. 08CVE-05-7360. Since then,
Lane has filed four separate actions in the trial court against U.S. Bank, three of which also named GMAC
Mortgage LLC as a defendant, all arising out of appellees' alleged conduct related to the foreclosure action. A

in his complaint that appellees committed fraud on the court by referencing in their appellate brief a declaration by attorney Walter Mahone that Lane claims does not exist. He claimed that appellees' statement "caused the trial court and the appeals court to decide [Lane's case against appellees] without having a formal trial." (May 6, 2022 Compl. at ¶ 7.)

{¶ 3} The trial court sua sponte dismissed Lane's complaint with prejudice on June 9, 2022, stating, "it is clear that no relief can be granted on the facts alleged in [the] complaint." (June 9, 2022 Decision & Final Jgmt. Entry at 3.) The trial court first held that the appellees' alleged statement in their appellate brief, upon which Lane premised his allegation of fraud on the court, was protected by the absolute privilege that applies to statements made in a judicial proceeding. It stated: "There is no genuine dispute about one key point: [Lane's] sole allegation of fraud is premised upon a statement made in a formal legal brief within a judicial proceeding. As such, the statement is protected by the doctrine of absolute privilege applicable to judicial proceedings." *Id.* Therefore, it concluded, "the privilege for statements in judicial proceedings about an alleged piece of evidence – 'a declaration from attorney Walter Mahone' – is dispositive and requires [Lane's] case to be dismissed. *Id.* at 4.

{¶ 4} Further, having taken judicial notice of this court's decision in *Lane*, 2021-Ohio-1891, the trial court held that Lane's complaint was also barred by the doctrine of res judicata, because Lane's claim "appears to be identical to a previously decided cause of action." (June 9, 2022 Decision & Final Jgmt. Entry at 4.) Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381 (1995), at the syllabus. The trial court stated:

> This newly filed case includes the same three parties as the case decided last year in the Tenth District. [Lane's] attempt to fold-in a reference to the offending declaration, made while briefing the case on appeal, does not constitute a new, distinct harm given the prior history reviewed above. This new case – purportedly making a fraud claim – is therefore subject to dismissal under Civ.R. 9(B) for failure to allege with

---

full description of those actions and the resulting appeals is set out in *Lane v. U.S. Bank N.A.*, 10th Dist. No. 22AP-358, 2023-Ohio-1552, ¶ 2-19.

> particularity a "fraud" which is new and not barred by the res judicata doctrine.

(June 9, 2022 Decision & Final Jgmt. Entry at 5.)

**{¶ 5}** Lane appealed the dismissal, and this court affirmed the trial court's judgment on May 9, 2023. *Lane v. U.S. Bank N.A.*, 10th Dist. No. 22AP-358, 2023-Ohio-1552. We recognized, "Lane does not argue the allegedly fraudulent statement made by appellees in their brief was not made in a judicial proceeding or was not reasonably related to issues in that proceeding." *Id.* at ¶ 28. We therefore found "no error in the trial court's sua sponte dismissal of Lane's claim on absolute immunity grounds." *Id.* Having concluded that the trial court appropriately dismissed Lane's complaint on that basis, we declined to address the trial court's alternative holding regarding res judicata. Lane did not appeal this court's judgment to the Supreme Court of Ohio.

**{¶ 6}** Several months later, Lane filed a motion for relief from judgment, pursuant to Civ.R. 60(B)(3) and (B)(5), in the trial court. Lane's motion states that he seeks relief from the final judgment rendered on May 9, 2023, *i.e.*, this court's decision affirming the dismissal of Lane's complaint. The trial court denied Lane's motion for relief from judgment. It stated:

> This Court does not have the power to grant relief to [Lane] from the Tenth District Court of Appeals' May 9, 2023 Decision. Even assuming [Lane] is requesting relief from this Court's June 9, 2022 decision which *sua sponte* dismissed [his] complaint, this Court does not have jurisdiction to consider [Lane's] Motion. [Lane's] appeal was affirmed by the Tenth District and the appeal was not remanded to this Court. [Lane's] Civ.R. 60(B) motion cannot be used as a substitute for an appeal.

(Jan. 19, 2024 Entry at 9.)

**{¶ 7}** Lane now appeals the trial court's denial of his Civ.R. 60(B) motion. He asserts a single assignment of error:

> The trial court err[ed] in dismissing Appellant[']s case. The 14th Amendment[']s procedural due process clause guarantees all US citizens the right to a fair trial. The 6th [A]mendment guarantees the right to face the defendant. The trial court's decision allowed [t]he appellee to enter false and misleading evidence that he knowingly used in the trial.

Under the caption "argument" in his appellate brief, Lane states only that he "was denied his constitutional right to a fair trial and should have the opportunity to face the appellee[s]." Although Lane's assignment of error purports to challenge the trial court's dismissal of his complaint, the only judgment properly before this court is the trial court's denial of Lane's motion for relief from judgment.

## II. ANALYSIS

{¶ 8} An appellate court generally reviews a trial court's decision to grant or deny a Civ.R. 60(B) motion for relief from judgment under an abuse of discretion standard. *Village at Galloway Run Condominium Assn. v. Taylor*, 10th Dist. No. 23AP-732, 2024-Ohio-2344, ¶ 12. An abuse of discretion occurs when a court's judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Whether a legal doctrine like the law of the case or res judicata applies, however, is a question of law that we review de novo. *Longmire v. Danaci*, 10th Dist. No. 19AP-770, 2020-Ohio-3704, ¶ 24; *King v. King*, 10th Dist. No. 18AP-84, 2019-Ohio-722, ¶ 20; *Fisher v. Fisher*, 3d Dist. No. 7-03-01, 2004-Ohio-290, ¶ 19.

{¶ 9} The trial court correctly held that it lacked authority to grant relief from this court's decision affirming the dismissal of Lane's complaint. If Lane disagreed with the outcome of his direct appeal, his remedy was with the Supreme Court, not the trial court. *See Williams v. Matthews*, 8th Dist. No. 103501, 2016-Ohio-3461, ¶ 9. Moreover, Civ.R. 60(B) does not apply to appellate proceedings. *Martin v. Roeder*, 75 Ohio St.3d 603, 604 (1996). Appellate proceedings are governed not by the Rules of Civil Procedure but by the Rules of Appellate Procedure or the Supreme Court Rules of Practice. *State ex rel. Sautter v. Grey*, 117 Ohio St.3d 465, 2008-Ohio-1444, ¶ 18-19. Civ.R. 60(B) "does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision." *Bank of Am. N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 15, citing *Ackermann v. United States*, 340 U.S. 193, 198 (1950).

{¶ 10} We affirm the trial court's judgment denying Lane's motion for relief from judgment, albeit on a different ground than stated by the trial court. When Lane did not appeal this court's decision affirming the trial court's dismissal of his complaint to the Supreme Court within the time allowed by S.Ct.Prac.R. 7.01(A)(1)(a)(i), this court's decision became final. In other words, our decision that Lane's claims were barred by the

absolute privilege afforded to statements made in judicial proceedings became the law of the case. *See State ex rel. Davis v. Cleary*, 77 Ohio App.3d 494, 497 (8th Dist.1991). "The law-of-the-case doctrine provides that legal questions resolved by a reviewing court in a prior appeal remain the law of that case for any subsequent proceedings at both the trial and appellate levels." *Giancola v. Azem*, 153 Ohio St.3d 594, 2018-Ohio-1694, ¶ 1. Therefore, the trial court's denial of Lane's motion for relief from judgment was appropriate, based on the law-of-the-case doctrine, because this court had already finally determined that Lane's claims were barred by absolute privilege.[2] *See Williams* at ¶ 9.

{¶ 11} That said, we disagree with the trial court's reasoning that, pursuant to *Dublin v. RiverPark Group, L.L.C.,* 10th Dist. No. 19AP-429, 2020-Ohio-4892, ¶ 6, it lacked *jurisdiction* to consider Lane's motion for relief from judgment. The trial court in *RiverPark* awarded the city of Dublin an easement over property owned by RiverPark Group, L.L.C., and ordered the city to pay RiverPark the appraised value of the easement. *Id.* at ¶ 3. RiverPark appealed and, while its direct appeal was pending, filed a motion for relief from judgment, pursuant to Civ.R. 60(B), in the trial court. *Id.* at ¶ 4. This court affirmed the trial court's judgment on the merits, while the motion for relief from judgment remained pending in the trial court. *Id.* About a month later, the trial court denied RiverPark's motion for relief from judgment for lack of jurisdiction. RiverPark appealed the trial court's denial of its Civ.R. 60(B) motion for lack of jurisdiction, and we reversed the trial court's judgment.

{¶ 12} We stated, " '[o]nce a party has appealed an underlying judgment, a trial court loses jurisdiction to consider Civ.R. 60(B) motions for relief from judgment.' " *Id.*, quoting *Slats & Nails Pallets, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-690, 2015-Ohio-1238, ¶ 19. During the pendency of an appeal, the trial court may only reacquire jurisdiction to consider a Civ.R. 60(B) motion " 'if the appellate court remands the matter to the trial court.' " *Id.*, quoting *Slats & Nails Pallets, Inc.* at ¶ 19. Here, the trial court correctly cited *RiverPark* for those statements of law, but it ignored that this court went on

---

[2] An appellate court may sua sponte raise the law-of-the-case doctrine because it "reflects a strong public policy to ' "ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts." ' " *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 144 Ohio St.3d 128, 2015-Ohio-4304, ¶ 36, quoting *Brothers v. Morrone-O'Keefe Dev. Co.*, 10th Dist. No. 06AP-713, 2007-Ohio-1942, ¶ 35, quoting *Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 404 (1996).

to hold that "a trial court *does* have jurisdiction to entertain a properly-filed Civ.R. 60(B) motion *after* an appeal is dismissed or disposed." (Emphasis added.) *Id.* Indeed, in *RiverPark*, we concluded "that the trial court did in fact have jurisdiction to rule upon RiverPark's Civ.R. 60(B) motion on the date it issued its order denying the motion for lack of jurisdiction," *id.* at ¶ 7, and we remanded the matter for the trial court to address RiverPark's motion on the merits. We likewise conclude that the trial court here did not lack jurisdiction to decide Lane's motion for relief from judgment, because no appellate proceeding remained pending.

## III. CONCLUSION

{¶ 13} For these reasons, we conclude that the trial court did not err in denying Lane's post-appeal motion for relief from judgment. Although the trial court did not lack jurisdiction to consider Lane's motion, the law-of-the-case doctrine required the denial of that motion. Accordingly, we overrule Lane's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

MENTEL, P.J., and DORRIAN, J., concur.

———————————