[Cite as *Lane v. U.S. Bank N.A.*, 2025-Ohio-5055.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Thomas Lane, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 25AP-401 |
| v. | : | (C.P.C. No. 22CV-3051) |
| U.S. Bank N.A. as Trustee et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on November 6, 2025

**On brief:** *Thomas Lane*, pro se.  **Argued:** *Thomas Lane.*

**On brief:** *Blank Rome, LLP*, and *John R. Wirthlin*, for appellee U.S. Bank N.A. as Trustee. **Argued:** *John R. Wirthlin.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1}  Plaintiff-appellant, Thomas Lane, appeals pro se from a May 2, 2025 judgment of the Franklin County Court of Common Pleas denying his motion for relief from judgment and his motion to strike a response filed by defendant-appellee, U.S. Bank N.A. as Trustee ("U.S. Bank").  For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2}  This court set forth the history of the present case in a decision issued in a prior appeal:

> Lane, acting pro se, filed this action on May 6, 2022, asserting that defendants-appellees, U.S. Bank N.A. as Trustee and GMAC Mortgage LLC (collectively, "appellees"), committed fraud on the court by making false and misleading statements

in the appellate brief they filed in *Lane v. U.S. Bank, N.A.*, 10th Dist. No. 20AP-335, 2021-Ohio-1891, an appeal that Lane instituted in a prior case against appellees. Lane alleged in his complaint that appellees committed fraud on the court by referencing in their appellate brief a declaration by attorney Walter Mahone that Lane claims does not exist. He claimed that appellees' statement "caused the trial court and the appeals court to decide [Lane's case against appellees] without having a formal trial." (May 6, 2022 Compl. at ¶ 7.)

The trial court sua sponte dismissed Lane's complaint with prejudice on June 9, 2022, stating, "it is clear that no relief can be granted on the facts alleged in [the] complaint." (June 9, 2022 Decision & Final Jgmt. Entry at 3.) The trial court first held that the appellees' alleged statement in their appellate brief, upon which Lane premised his allegation of fraud on the court, was protected by the absolute privilege that applies to statements made in a judicial proceeding. It stated: "There is no genuine dispute about one key point: [Lane's] sole allegation of fraud is premised upon a statement made in a formal legal brief within a judicial proceeding. As such, the statement is protected by the doctrine of absolute privilege applicable to judicial proceedings." *Id.* Therefore, it concluded, "the privilege for statements in judicial proceedings about an alleged piece of evidence — 'a declaration from attorney Walter Mahone' — is dispositive and requires [Lane's] case to be dismissed. *Id.* at 4.

Further, having taken judicial notice of this court's decision in *Lane*, 2021-Ohio-1891, the trial court held that Lane's complaint was also barred by the doctrine of res judicata, because Lane's claim "appears to be identical to a previously decided cause of action." (June 9, 2022 Decision & Final Jgmt. Entry at 4.) Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 [(1995) syllabus]. The trial court stated:

This newly filed case includes the same three parties as the case decided last year in the Tenth District. [Lane's] attempt to fold-in a reference to the offending declaration, made while briefing the case on appeal, does not constitute a new, distinct harm given the prior history reviewed above. This new case — purportedly making a fraud claim — is therefore subject to dismissal under Civ.R. 9(B) for failure to allege with

> particularity a "fraud" which is new and not barred by the res judicata doctrine.

(June 9, 2022 Decision & Final Jgmt. Entry at 5.)

> Lane appealed the dismissal, and this court affirmed the trial court's judgment on May 9, 2023. *Lane v. U.S. Bank N.A.*, 10th Dist. No. 22AP-358, 2023-Ohio-1552. We recognized, "Lane does not argue the allegedly fraudulent statement made by appellees in their brief was not made in a judicial proceeding or was not reasonably related to issues in that proceeding." *Id.* at ¶ 28. We therefore found "no error in the trial court's sua sponte dismissal of Lane's claim on absolute immunity grounds." *Id.* Having concluded that the trial court appropriately dismissed Lane's complaint on that basis, we declined to address the trial court's alternative holding regarding res judicata. Lane did not appeal this court's judgment to the Supreme Court of Ohio.

> Several months later, Lane filed a motion for relief from judgment, pursuant to Civ.R. 60(B)(3) and (B)(5), in the trial court. Lane's motion states that he seeks relief from the final judgment rendered on May 9, 2023, *i.e.*, this court's decision affirming the dismissal of Lane's complaint. The trial court denied Lane's motion for relief from judgment.

(Footnote omitted.) *Lane v. U.S. Bank, N.A.*, 2024-Ohio-4884, ¶ 2-6 (10th Dist.).[1]  Our prior decision affirmed the trial court's denial of Lane's motion for relief from judgment, concluding "the trial court's denial of Lane's motion for relief from judgment was appropriate, based on the law-of-the-case doctrine, because this court had already finally determined that Lane's claims were barred by absolute privilege." *Id.* at ¶ 10.

---

[1] This court's prior decision also described the extensive history of the proceedings between Lane and appellees:

> This is the latest in a long line of cases between Lane and appellees, beginning with a foreclosure action filed against Lane in 2008. *See U.S. Bank National Assn. v. Lane*, Franklin C.P. No. 08CVE-05-7360. Since then, Lane has filed four separate actions in the trial court against U.S. Bank, three of which also named GMAC Mortgage LLC as a defendant, all arising out of appellees' alleged conduct related to the foreclosure action. A full description of those actions and the resulting appeals is set out in *Lane v. U.S. Bank N.A.*, 10th Dist. No. 22AP-358, 2023-Ohio-1552, ¶ 2-19.

*Lane*, 2024-Ohio-4884, at ¶ 1, fn. 1 (10th Dist.).

{¶ 3}   Following this court's prior decision, which was released on October 8, 2024, Lane filed a motion for relief from judgment in the trial court seeking "relief from final judgment rendered in this case on the date of 10-8-24, pursuant to Civil Rule 60(B)." (Mot. for Relief from Jgmt.)  There was no judgment issued by the trial court on October 8, 2024; therefore, Lane apparently sought relief from the trial court under Civ.R. 60(B) from this court's decision on his prior appeal.[2]

{¶ 4}   U.S. Bank filed a response asserting that Lane's motion was barred by res judicata and was an improper substitute for an appeal of this court's judgment.  U.S. Bank also asserted that Lane would not have been entitled to relief under Civ.R. 60(B) if his motion had been procedurally appropriate.  Lane filed a motion to strike U.S. Bank's response arguing that it was not a proper response.

{¶ 5}   On May 2, 2025, the trial court issued a decision denying Lane's motion for relief from judgment and his motion to strike U.S. Bank's response to that motion.

## II.  Assignment of Error

{¶ 6}   Lane appeals and assigns the following sole assignment of error for our review:

> The trial court errored in dismissing Appellants case. Resjudacata does not bar new evidence.  Susan Boggs et al vs City of Cleveland.  The Supreme Court of Ohio more than 50 years ago in Lawler vs National screen service Corp resjudacata does not bar a suit even if it involves the same course of wrongful conduct alleged earlier to conditions.  That is precisely the case here.
>
> In the state of Ohio, res judicata does not bar fraud on the court12. Res judicata in Ohio consists of four elements, including a prior final, valid decision on the merits by a court of competent jurisdction3.  The Supreme Court of Ohio has ruled that res judicata does not bar reconsideration.
>
> Ohio civil rule of procedure 10(D) 1
>
> Attachments to pleadings.

---

[2] We note that Lane also filed a motion in this court for relief under Civ.R. 60(B) from the October 8, 2024 judgment. That motion was stricken by journal entry as not being a proper filing in a closed appeal. *Lane v. U.S. Bank, N.A.* No. 24AP-112 (10th Dist. Apr. 8, 2025) (journal entry).

> Account or written instrument. When any claim or defense is founded on an
>
> account or other written instrument, a copy of the account or written instrument must be attached.
>
> to the pleading. If the account or written instrument is not attached, the reason for the omission. must be stated in the pleading.

(Sic passim.)

## III. Discussion

{¶ 7} We review a trial court's decision on a Civ.R. 60(B) motion for abuse of discretion. *JPMorgan Chase Bank, N.A. v. Liggins*, 2019-Ohio-1076, ¶ 7 (10th Dist.). An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable; however, a court lacks authority to commit an error of law when exercising its discretion. *Campbell v. 1 Spring, L.L.C.*, 2024-Ohio-308, ¶ 10 (10th Dist.). When an appeal presents a question of law, such as the applicability of res judicata or the law-of-the-case doctrine, we conduct a de novo review. *Lane*, 2024-Ohio-4884, at ¶ 8 (10th Dist.).

{¶ 8} As explained in our prior decision, if Lane disagreed with the outcome of an appeal to this court, his remedy was through an appeal to the Supreme Court of Ohio, not a motion for relief from judgment in the trial court. *Id.* at ¶ 9. It is well-established that a Civ.R. 60(B) motion may not be used as a substitute for a timely appeal. *State ex rel. Hatfield v. Miller*, 2023-Ohio-429, ¶ 12 ("A litigant cannot use a Civ.R. 60(B) motion for relief from judgment as a substitute for a timely appeal."); *Village at Galloway Run Condominium Assn. v. Taylor*, 2024-Ohio-2344, ¶ 18 (10th Dist.) ("It is axiomatic that a Civ.R. 60(B) motion cannot be used as a substitute for a timely appeal.").

{¶ 9} The trial court concluded it lacked authority to grant relief from this court's prior decision based on the law-of-the-case doctrine, concluding that our prior decision became the law of the case and that the trial court was bound by that decision. We agree with the trial court's conclusion. As explained in our prior decision, when Lane did not timely appeal this court's decision to the Supreme Court, "our decision that Lane's claims were barred by the absolute privilege afforded to statements made in judicial proceedings became the law of the case." *Lane* at ¶ 10. Therefore, under the law-of-the-case doctrine,

denial of a motion for relief from judgment was appropriate "because this court had already *finally determined* that Lane's claims were barred by absolute privilege." (Emphasis added.) *Id.*

{¶ 10} Similarly, in the present case, when Lane failed to timely appeal this court's October 8, 2024 decision to the Supreme Court, the determinations contained in that decision became the law of the case and the trial court lacked authority to grant relief from that decision. Accordingly, we conclude that the court did not err in denying Lane's motion for relief from judgment or his motion to strike U.S. Bank's response.

## IV. Conclusion

{¶ 11} For the foregoing reasons, we overrule Lane's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BOGGS and LELAND, JJ., concur.

_____