[Cite as *Schmidt v. Grossman Law Office*, 2014-Ohio-4227.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Jack G. Schmidt, Jr.,        :

       Plaintiff-Appellee/        :
       Cross-Appellant,

       :

v.        :

Grossman Law Office et al.,

       :        No. 14AP-127
       Defendants-Appellees,        (C.P.C. No. 13CV-3379)

       :

Gina Schmidt n.k.a. Gina S. Gabarro,        (REGULAR CALENDAR)

       :

       Defendant-Appellant/Third-
       Party Plaintiff/Cross-Appellee, :

Brian J. Laliberte Co., LPA et al.,        :

       Third-Party Defendants-        :
       Appellees.

       :

---

D E C I S I O N

Rendered on September 25, 2014

---

*Onda LaBuhn Rankin & Boggs Co.*, *LPA*, *Timothy S. Rankin*, and *Derek L. Graham*, for appellant Gina Schmidt.

*Lane, Alton & Horst, LLC*, *Rick E. Marsh*, *Edward G. Hubbard*, and *Eric S. Bravo*, for third-party defendants-appellees Brian J. Laliberte Co., LPA, and Brian J. Laliberte.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendant-appellant, Gina Schmidt ("appellant"), appeals from the decisions of the Franklin County Court of Common Pleas dismissing her counterclaim

asserted against plaintiff-appellee, Jack G. Schmidt ("Schmidt"), and her third-party complaint asserted against third-party defendant-appellee, Brian J. Laliberte and Brian J. Laliberte Co., LPA (collectively "Laliberte"). For the following reasons, the appeal from the dismissal of the third-party complaint is dismissed for lack of a final, appealable order, and the judgment dismissing appellant's counterclaims is affirmed.

## I. BACKGROUND

{¶ 2} In February 2012, appellant filed a divorce action against Schmidt. A little over one year later, Schmidt filed the instant action on March 26, 2013 against appellant and her legal counsel in the divorce proceedings, specifically, Grossman Law Office, Andrew Grossman, and Anthony R. Auten. Schmidt's complaint alleged the tort of abuse of process arising out of communications made to the domestic court during the course of the domestic proceedings. The complaint also alleged claims for the intentional and negligent infliction of emotional distress. Attached to the complaint as Exhibit A was a client questionnaire appellant had completed in conjunction with the retention of her counsel in the divorce proceedings. According to appellant, Exhibit A contained personal and confidential information protected by both the attorney-client privilege and the physician-patient privilege. On April 24, 2013, the trial court ordered that Exhibit A be sealed.

{¶ 3} On May 31, 2013, appellant filed a counterclaim against Schmidt and a third-party complaint against Schmidt's counsel, Laliberte, based upon the filing of Exhibit A. The counterclaim filed against Schmidt alleged abuse of process, invasion of privacy, and tortious disclosure of confidential information. The third-party complaint filed against Laliberte included claims for invasion of privacy and tortious disclosure of confidential information.

{¶ 4} Appellant and the remaining three defendants filed motions to dismiss. The trial court granted said motions and dismissed Schmidt's complaint against them for lack of subject-matter jurisdiction on October 25, 2013. Thereafter, Schmidt and Laliberte filed individual motions for judgment on the pleadings, both asserting that dismissal of the initial complaint should result in dismissal of the counterclaims and third-party complaint. On January 13, 2014, the trial court rendered a decision granting the motions for judgment on the pleadings.

{¶ 5}    The trial court granted Laliberte's motion on Civ.R. 14 grounds as the claims asserted against him were not the type that can be asserted in a third-party complaint. With respect to the counterclaim, the trial court dismissed it for failure to state a claim.

## II.  ASSIGNMENT OF ERROR

{¶ 6}    This appeal followed, and appellant submits the following assignment of error for our review:

> The trial court erred in holding that the absolute immunity doctrine barred appellant's claims for invasion of privacy and tortious disclosure of confidential information against the appellees.[1]

## III.  DISCUSSION

### A.  Laliberte's Motion to Dismiss

{¶ 7}    Laliberte has filed a motion to dismiss the appeal for lack of a final, appealable order.  According to Laliberte, the trial court's decision granting the motions for judgment on the pleadings was a decision "otherwise than on the merits" such that it was without prejudice and does not constitute a final, appealable order.

{¶ 8}    In its October 2013 decision, the trial court dismissed Schmidt's complaint based on the finding that it lacked subject-matter jurisdiction over the claims asserted therein.  In its January 2014 decision, the trial court concluded that the claims asserted against Laliberte were not proper as a third-party complaint under Civ.R. 14.  Where a court dismisses a third-party complaint on Civ.R. 14(A) grounds because the claims are not of the type that can be asserted in a third-party complaint, the dismissal is otherwise than on the merits.  *BAC Home Loans Servicing, LP v. Blankenship*, 6th Dist. No. L-11-1199, 2013-Ohio-2360, ¶ 27.

{¶ 9}    Because the trial court dismissed the third-party complaint on the basis of procedural grounds, the trial court did not make a determination of the underlying merits of the claim.  Ordinarily, a dismissal otherwise than on the merits does not prevent a party from refiling and, therefore, such a dismissal is not a final, appealable order.  *Sullivan v.*

---

[1] Appellant does not challenge the trial court's decision dismissing her counterclaim for abuse of process. Therefore, our analysis does not include a discussion of said claim.

*Unknown*, 10th Dist. No. 12AP-909, 2013-Ohio-1680, ¶ 6, citing *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, ¶ 8.

{¶ 10} However, in adjudicating the merits of Schmidt's motion for judgment on the pleadings regarding appellant's counterclaim, the trial court unquestionably rendered a decision on the merits. As is relevant here, the trial court concluded the absolute immunity doctrine barred appellant's claims for invasion of privacy and tortious disclosure of confidential information such that they failed to state a claim. Because the dismissal of the counterclaim was a dismissal on the merits, it operates as a final, appealable order.

{¶ 11} Accordingly, we grant Laliberte's motion to dismiss regarding the trial court's dismissal of the third-party complaint, and Laliberte is no longer a party to this appeal.

### B. Assignment of Error

{¶ 12} We now turn to the merits of appellant's appeal in which she asserts the trial court erred in granting Schmidt's motion for judgment on the pleadings and dismissing her claims for invasion of privacy and tortious disclosure of confidential information.

{¶ 13} Civ.R. 12(C) provides that, "[a]fter the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings." "Civ.R. 12(C) motions are specifically for resolving questions of law." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996). Appellate review of motions for judgment on the pleadings is de novo, without deference to the trial court's determination. *Fontbank, Inc. v. CompuServe, Inc.*, 138 Ohio App.3d 801, 807 (10th Dist.2000). Thus, we are restricted, as was the trial court, to the allegations in the pleadings, as well as material incorporated by reference or attached as exhibits to those pleadings, in determining the motion for judgment on the pleadings. *Curtis v. Ohio Adult Parole Auth.*, 10th Dist. No. 04AP-1214, 2006-Ohio-15, ¶ 24. When addressing a Civ.R. 12(C) motion, the court "is required to construe as true all the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party." *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581 (2001). The court will grant judgment on the pleadings only when the material facts are

undisputed, and the pleadings demonstrate that the movant is entitled to judgment as a matter of law. *Midwest Pride* at 570.

{¶ 14} In granting Schmidt's motion for judgment on the pleadings, the trial court concluded the attachment of Exhibit A to the complaint constituted a statement made during a judicial proceeding and was protected by the absolute immunity doctrine. "Statements made 'in a written pleading or brief, or in an oral statement to a judge or jury in open court, is absolutely privileged if it has some reasonable relation to the judicial proceeding in which it appears.' " *Morrison v. Gugle*, 142 Ohio App.3d 244, 259 (10th Dist.2001), quoting *Michaels v. Berliner*, 119 Ohio App.3d 82, 87 (9th Dist.1997); *Am. Chem. Soc. v. Leadscope, Inc.*, 10th Dist. No. 08AP-1026, 2010-Ohio-2725 (parties immune from civil suits for defamatory remarks made during and relevant to judicial proceedings); *Lisboa v. Lisboa*, 8th Dist. No. 95673, 2011-Ohio-351 (absolute immunity doctrine precludes actions for invasion of privacy).

{¶ 15} According to appellant, the trial court's application of the absolute immunity doctrine was in error because: (1) Exhibit A was not reasonably related to any of Schmidt's claims, (2) the trial court failed to consider Schmidt's dissemination of Exhibit A on a website he created, and (3) the trial court failed to consider Schmidt's act of "handing copies of the complaint and [Exhibit A] to people and telling them 'read this.' " (Appellant's Brief, 8.)

{¶ 16} With respect to appellant's first contention, we disagree with appellant that Exhibit A cannot be construed as being reasonably related to the judicial proceedings initiated by Schmidt. In his complaint, Schmidt alleges appellant intentionally misled the domestic relations court to obtain temporary orders that were baseless both factually and legally. According to Schmidt's complaint, appellant falsely alleged that Schmidt presented a threat of imminent harm to her, and, therefore, the domestic court issued temporary orders prohibiting him from possessing firearms. Because Schmidt is a "sportsman, gun collector and international champion marksman," the domestic court's order allegedly prevented him from engaging in competitions and other recreational activities. (Complaint, 4.) In support of his allegation that appellant had no factual basis for seeking an order that prohibited Schmidt from possessing firearms, the complaint

references Exhibit A and its alleged lack of factual information that would support temporary orders of this nature.

{¶ 17} Given that the complaint expressly cites to Exhibit A as support for Schmidt's abuse of process claim, and Exhibit A contains information relevant to the domestic proceedings, we cannot conclude that the trial court erred in finding that Exhibit A was reasonably related to the judicial proceedings initiated by Schmidt.

{¶ 18} With respect to appellant's two other contentions, i.e., that the trial court failed to consider Schmidt's dissemination of Exhibit A on the internet and to other persons of the public, a review of appellant's counterclaim reveals that it is devoid of any such allegations. When ruling on a motion for judgment on the pleadings, a court is restricted to the allegations in the pleadings as well as material incorporated by reference or attached as exhibits to those pleadings. *Curtis.* The only disclosure of Exhibit A that is alleged in appellant's counterclaim pertains to the attachment of Exhibit A to Schmidt's complaint. The counterclaim makes no mention of a website, nor does the counterclaim contain an allegation that Schmidt provided anyone with copies of Exhibit A with instructions for them to read it. Because the allegations appellant asks this court to consider on appeal are not contained in the pleadings, they were not entitled to consideration by the trial court during its disposition of Schmidt's Civ.R. 12(C) motion.

{¶ 19} Finding that Schmidt's motion for judgment on the pleadings was properly granted, we overrule appellant's asserted assignment of error.

## IV. CONCLUSION

{¶ 20} In accordance with the foregoing decision, Laliberte's motion to dismiss is granted as to the appeal from the trial court's dismissal of appellant's third-party complaint, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas granting Schmidt's motion for judgment on the pleadings and dismissing appellant's counterclaim is hereby affirmed.

*Motion to dismissed granted;*
*judgment affirmed.*

DORRIAN and O'GRADY, JJ., concur.

_____