[Cite as *State ex rel. Hillman v. Phipps*, 2023-Ohio-635.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. [Robert L.] Hillman, | : | |
| Relator, | : | |
| v. | : | No. 22AP-636 |
| Franklin County Common Pleas Judge Ms. Held Phipps, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on March 2, 2023

*Robert L. Hillman*, pro se.

*G. Gary Tyack*, Prosecuting Attorney, and *Nickole K. Iula*, for respondent.

IN PROCEDENDO
ON MOTIONS

LUPER SCHUSTER, J.

{¶ 1} Relator, Robert L. Hillman, filed an original action requesting this court issue a writ of procedendo ordering respondent, Common Pleas Judge Karen Held Phipps, to issue a ruling on relator's May 18, 2022 motion for leave to file a delayed motion for new trial.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court sua sponte dismiss relator's complaint for a writ of procedendo. No objections have been filed to that decision.

{¶ 3}    Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law.  In accordance with the magistrate's decision, we sua sponte dismiss relator's complaint for a writ of procedendo.  Additionally, we find any pending motions moot.

*Case dismissed.*

MENTEL and EDELSTEIN, JJ., concur.

———————————————

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. [Robert L.] Hillman, | : | |
| Relator, | : | |
| v. | : | No.  22AP-636 |
| Franklin County Common Pleas Judge, Ms. Held Phipps, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

### M A G I S T R A T E ' S   D E C I S I O N

Rendered on November 22, 2022

*Robert L. Hillman,* pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Nickole K. Iula,* for respondent.

### IN PROCEDENDO ON
### SUA SPONTE DISMISSAL

{¶ 4}  Relator, Robert L. Hillman, has filed this original action seeking a writ of procedendo ordering respondent, Franklin County Common Pleas Judge Karen Held Phipps, to issue a ruling on relator's May 18, 2022, motion for leave to file a delayed motion for new trial.

Findings of Fact:

{¶ 5}   1.  Respondent is a public official serving as a judge in the Franklin County Court of Common Pleas, Ohio.

{¶ 6}   2.  Relator is a prisoner who was incarcerated at Chillicothe Correctional Institution in Chillicothe, Ohio, at the time he filed this procedendo action.

{¶ 7}   3.  On May 18, 2022, relator filed a motion for leave to file a delayed motion for new trial in Franklin C.P. No. 13CR-6648, over which respondent presided.

{¶ 8}   4. On October 6, 2022, in Franklin C.P. No. 13CR-6648, respondent filed an entry denying relator's May 18, 2022, motion for leave to file a delayed motion for new trial.

{¶ 9}   5. On October 20, 2022, relator filed his complaint in procedendo with this court, requesting that this court order respondent to issue a ruling on relator's May 18, 2022, motion for leave to file a delayed motion for new trial.

Conclusions of Law:

{¶ 10} For the reasons that follow, it is the magistrate's decision that this court should sua sponte dismiss relator's complaint for a writ of procedendo.

{¶ 11} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id*. An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 12} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of

pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 13} Procedendo will not lie to compel an act that has already been performed. *State ex rel. Lester v. Pepple*, 130 Ohio St.3d 353, 2011-Ohio-5756, ¶ 1; *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000), citing *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252-53 (1998).

{¶ 14} In the present matter, respondent's October 6, 2022, entry denied relator's May 18, 2022, motion for leave to file a delayed motion for new trial. Thus, respondent has performed the act that relator sought to compel, i.e., ruling on relator's May 18, 2022, motion for leave to file a delayed motion for new trial. Therefore, procedendo will not lie under these circumstances.

{¶ 15} Accordingly, the magistrate recommends that this court sua sponte dismiss relator's complaint for a writ of procedendo. All other pending motions in this matter are denied as moot.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).