[Cite as *Lane v. U.S. Bank N.A.*, 2023-Ohio-1552.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Thomas Lane, :

    Plaintiff-Appellant, :

                                No. 22AP-358

v. : (C.P.C. No. 22CV-3051)

U.S. Bank N.A. as Trustee et al., : (REGULAR CALENDAR)

    Defendants-Appellees. :

---

D E C I S I O N

Rendered on May 9, 2023

---

**On brief:** *Thomas Lane*, pro se. **Argued:** *Thomas Lane.*

**On brief:** *Blank Rome, LLP*, *Robert L. Dawson*, and *John R. Wirthlin*, for appellee U.S. Bank, N.A. **Argued:** *Robert L. Dawson.*

---

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM.

{¶ 1} Plaintiff-appellant, Thomas Lane, pro se, appeals from a June 9, 2022 judgment of the Franklin County Court of Common Pleas dismissing with prejudice his action against defendants-appellees, U.S. Bank, N.A. as Trustee ("U.S. Bank"), and GMAC Mortgage LLC ("GMAC") (collectively "appellees"). For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} The facts and procedural history summarized below are taken from this court's past decisions in *Lane v. U.S. Bank, N.A.*, 10th Dist. No. 18AP-197, 2018-Ohio-3140 ("*Lane I*"), and *Lane v. U.S. Bank, N.A.*, 10th Dist. No. 20AP-335, 2021-Ohio-1891 ("*Lane II*"), and relevant court filings in Franklin C.P. Nos. 08CV-7360, 17CV-354, 17CV-11425, and 19CV-7293. The trial court filings are not part of the record in the case currently

on appeal before this court.  However, appellate courts may take judicial notice of public court records readily accessible on the internet.  *Ltd. Invest. Group Corp. v. Huntington Natl. Bank*, 10th Dist. No. 21AP-61, 2022-Ohio-3657, ¶ 46, citing *State v. Estridge*, 2d Dist. No. 2021-CA-25, 2022-Ohio-208, ¶ 12, fn. 1; *State ex rel. Hillman v. Phipps*, 10th Dist. No. 22AP-636, 2023-Ohio-635, ¶ 12; *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8.  As the trial court filings in case Nos. 08CV-7360, 17CV-354, 17CV-11425, and 19CV-7293 are publicly available on the internet, we take judicial notice of them.

**{¶ 3}**  In case No. 08CV-7360, on May 20, 2008, U.S. Bank filed a complaint in foreclosure on Lane's property at 2921 Wambli Drive, Columbus, Ohio ("the property"). The trial court issued a judgment entry and decree in foreclosure in favor of U.S. Bank on September 29, 2008.  The property was sold to U.S. Bank at sheriff's sale on May 22, 2009. On June 9, 2009, Lane filed a "Notice of Objection to Confirmation of Sale, and Motion to Set Aside Sheriff's Sale of Property at Auction" ("Objection").  The Objection was filed on behalf of Lane by Attorney Walter Mahon and the Nationwide Home Relief Law Group, P.A. ("Nationwide Home Relief").  Mahon listed several grounds in support of the Objection, including: "(2) [U.S. Bank] acted in bad faith, (3) [U.S. Bank] made false and misleading representations to [Lane] that it would adjourn the sale while the parties were negotiating a fair and equitable settlement, [and] (4) [U.S. Bank] defrauded [Lane] regarding its commitment to provide a settlement opportunity to [Lane] that would reasonably permit [Lane] to remain in [his] primary, owner-occupied residence." (Obj. at 1.)

**{¶ 4}**  Attached to the Objection was a document titled "Declaration of Walter Mahon, Esq. in support of [Lane's] Objection to Confirmation of Foreclosure Sale and Motion to Set Aside Sheriff's Sale of Property at Auction" ("Declaration"). (Obj. at 3.)  In the Declaration, Mahon detailed the efforts he and his colleagues at Nationwide Home Relief made between January 8 and May 22, 2009 (when the property was sold) to negotiate a loan modification agreement on behalf of Lane.  According to Mahon, initial negotiations were with Bill Pittman, the regional district manager of Homecomings Financial ("Homecomings"), who indicated Lane was eligible for a loan modification. However, over the next several months, Pittman ceased responding to Nationwide Home

Relief's requests for updates on the loan modification process. Homecomings eventually refused to speak with Nationwide Home Relief, alleging that its files contained no third-party authorization. In the Declaration's conclusory paragraph, Mahon averred:

> [Lane] hereby asserts that [U.S. Bank], by and through its agents and/or employees, repeatedly made false and misleading statements to [Lane], stating that it would adjourn the sale while parties negotiated a[n] equitable settlement, when in fact [U.S. Bank] never intended to reach an agreement. [U.S. Bank] acted in bad faith during modifications [sic] negotiations. [U.S. Bank] failed to respond despite numerous attempts by Nationwide to contact [U.S. Bank]. As such [Lane] is hereby entitled to have the * * * Court deny the Confirmation of the Sale, and thereby have said sale set aside in accordance with the mandates of Ohio law.

(Declaration at ¶ 31.)

{¶ 5} On July 21, 2009, the parties filed a joint motion to stay a ruling on the pending Objection. The parties indicated they were actively engaging in settlement negotiations that would allow Lane to retain the property. However, on January 25, 2010, U.S. Bank requested the trial court rule on Lane's Objection despite the previous joint request for a stay. In that filing, U.S. Bank asserted Mahon passed away in early October 2009, after which it unsuccessfully continued negotiations with Lane until December 18, 2009.

{¶ 6} On February 10, 2010, the trial court filed a journal entry denying the parties' joint motion to stay as moot and denying Lane's Objection to the confirmation of sale. In so doing, the trial court noted the Objection was supported by Mahon's Declaration as counsel for Lane. As to the substance of the Declaration, the court observed:

> In essence, Mr. Mahon's "declaration" contends that a modification was dangled in front of Mr. Lane, and that despite Mr. Lane doing everything that was asked (such as submitting authorizations and the appropriate paperwork), [U.S. Bank] never followed through with providing a modification. * * * Moreover, it is claimed that [U.S. Bank's] agent said that if the appropriate paperwork was sent to [U.S. Bank], the May 22, 2009 sheriff's sale would be withdrawn. * * * As such, it is alleged that [U.S. Bank] acted in bad faith during modification negotiations and committed fraud.

(Case No. 08CV-7360 Feb. 10, 2010 Journal Entry at 2.) The court denied the Objection, finding: (1) a valid modification was never executed (as barred by the Statute of Frauds because the requested modification was never reduced to writing signed by all parties), and (2) Lane did not allege (other than perhaps sending U.S. Bank paperwork), that he reasonably relied to his detriment on U.S. Bank's assurances that the May 22, 2009 sheriff's sale would be withdrawn.

{¶ 7} Lane appealed the trial court's February 10, 2010 judgment to this court. However, on September 15, 2011, we sua sponte dismissed the appeal, Lane having failed to file a brief within the time required by App.R. 18(C). *U.S. Bank N.A. v. Lane*, 10th Dist. No. 11AP-520 (Sept. 15, 2011 Journal Entry of Dismissal).

{¶ 8} Thereafter, on January 12, 2017, Lane filed a pro se complaint against appellees in case No. 17CV-354 alleging he had entered into a loan modification agreement with appellees on October 1, 2009 which was signed and notarized and returned to Richard A. Freshwater (appellees' counsel) by Robin Kissin of Nationwide Home Relief. Lane asserted appellees received three payments from him and then breached the agreement. Lane further alleged appellees made fraudulent statements in an August 2012 telephone conversation regarding the inability to reinstate the loan due to an acceleration clause. Lane alleged that in breaching the agreement, appellees committed fraud.

{¶ 9} On March 27, 2017, appellees filed a motion to dismiss Lane's complaint pursuant to Civ.R. 12(B)(6). The trial court granted the motion to dismiss in a decision and entry filed June 7, 2017. Lane appealed the trial court's judgment to this court. However, we sua sponte dismissed the appeal on October 5, 2017, Lane having failed to file a brief within the time required by App.R. 18(C). *Lane v. U.S. Bancorp.*, 10th Dist. No. 17AP-472 (Oct. 5, 2017 Journal Entry of Dismissal).

{¶ 10} Lane then filed a pro se complaint on December 29, 2017 in case No. 17CV-11425 alleging he had entered into a loan modification agreement with appellees which was " 'signed and notarized' before being returned to a representative at Nationwide Home Relief Group, who then sent the agreement to attorneys for U.S. Bank and GMAC Mortgage, LLC." *Lane I* at ¶ 2. Lane alleged appellees received three payments from him and then breached the agreement. *Id.* Lane attached to his complaint a letter dated November 16,

2009 from an attorney representing U.S. Bank that appeared to be a cover letter sent with the loan modification agreement. *Id.* Lane filed a motion for default judgment on February 8, 2018 on grounds appellees had neither responded to the complaint nor appeared in the action. *Id.* On February 12, 2018, the trial court denied the motion and dismissed the complaint under principles of res judicata, finding the issues raised by Lane had been " 'actually and necessarily litigated and determined in a prior action.' " *Id.* at ¶ 3, quoting case No. 17CV-11425 Decision & Entry at 2.

{¶ 11} On February 21, 2018, Lane filed a pro se motion captioned "Motion for New Trial," in which he referenced Civ.R. 60(B) and argued the clerk had failed to attach the entire loan modification agreement to his complaint. *Lane I* at ¶ 4. The trial court denied Lane's motion on March 14, 2018, noting the additional exhibits he sought to include with his complaint, including an unsigned loan modification agreement, had appeared in the record since the entry of its previous decision. *Id.* at ¶ 5. The trial court further noted the exhibits did not change the fact that res judicata applied and in a footnote noted Lane had filed " 'a nearly identical Complaint' in Franklin C.P. No. 17CVH-354, which had been dismissed by the trial court and the appellate court." *Id.*, quoting case No. 17CV-11425 Decision & Entry at 2.

{¶ 12} On appeal, this court affirmed the trial court's dismissal of the complaint on res judicata grounds. *Lane I* at ¶ 10-12. We also affirmed the trial court's denial of the motion for new trial (which we noted the trial court had treated as a motion for reconsideration and relief from judgment under Civ.R. 60(B)), finding that "[a]ny 'mistake' responsible for the initial absence of the loan modification document was immaterial to the trial court's ultimate finding that res judicata barred Lane's claims." *Id.* at ¶ 13.

{¶ 13} Thereafter, on September 9, 2019 in case No. 19CV-7293, Lane filed a pro se complaint asserting a single claim of fraud against appellees. *Lane II* at ¶ 2. Specifically, Lane alleged that on May 4, 2018 appellees " 'entered false and misleading statements into their [appellate] brief.' " *Id.* at ¶ 2, quoting case No. 19CV-7293 Compl. at 1. In his complaint, Lane asserted appellees "referenced the statement that they had a declaration from attorney Walter Mahone [sic] [Lane's] agent stating that a modification was dangled in front of Thomas Lane and he never did anything to accept the agreement such as signing

the necessary documents and that the document would be attached to the motion as sole exhibit." (Sic passim.) (Case No. 19CV-7293 Compl. at ¶ 4.) Lane further asserted "[a] declaration is not attached to [appellees'] motion [and appellees] do not possess a declaration from Walter Mahon." (Case No. 19CV-7293 Compl. at ¶ 5, 6.) Lane alleged the statements appellees included in their appellate brief " 'caused the trial court and the appeals court to decide without having a formal trial,' " and that this fraudulent conduct caused significant injury to him. *Lane II* at ¶ 2, quoting case No. 19CV-7293 Compl. at 2. Service on appellees was completed via certified mail, but neither appellee responded. *Id.* Lane then filed two motions for default judgment. *Id.* The trial court referred the matter to a magistrate, who conducted an evidentiary hearing. *Id.* The magistrate found Lane had failed to satisfy the elements of a fraud claim, recommended the motions for default judgment be denied and the complaint dismissed with prejudice. *Id.*

{¶ 14} Lane filed a motion for reconsideration which the trial court construed as objections to the magistrate's decision. *Lane II* at ¶ 3. In reviewing the objections, the trial court noted Lane failed to file a transcript of the evidentiary hearing before the magistrate. *Id.* Finding no error of law or other defect in the magistrate's decision, the trial court adopted the magistrate's decision to deny the motions for default judgment and dismiss the complaint with prejudice. *Id.* On appeal, this court affirmed, finding the trial court was not automatically required to enter default judgment for Lane, acted within its discretion in holding an evidentiary hearing on the motions for default judgment, and did not err in denying Lane's motions for default judgment. *Id.* at ¶ 8-11.

{¶ 15} On May 6, 2022, Lane filed a pro se complaint in case No. 22CV-3051, the case currently on appeal before this court. Lane asserted appellees committed a "[f]raud on the court" by making a false statement to this court in their October 12, 2020 appellees' brief filed in *Lane II*. (May 6, 2022 Compl. at ¶ 4-6, 9, 11, 15, 18-20.) Specifically, Lane argued appellees referenced Mahon's Declaration "stating that a modification was dangled in front of Thomas Lane and he never did anything to accept the agreement such as signing the necessary documents and that the document would be attached to the motion as sole exhibit." (Compl. at ¶ 4.) Lane maintained appellees failed to attach the Declaration to their brief and did not possess Mahon's Declaration. Lane asserted appellees committed

fraud on the court in that they "submitted this evidence as facts in their appellee brief knowing that there is no document in their possession from Walter Mahone [sic]." (Compl. at ¶ 11.) Lane also asserted [appellees] made this statement knowing that this document they referred to does not exist." (Compl. at ¶ 20.) Lane alleged appellees' statement "caused the trial court and the appeals court to decide without having a formal trial." (Compl. at ¶ 7.) Lane further asserted "[appellees] do not have an affidavit from Walter Mahone [sic] signed by Thomas Lane." (Compl. at ¶ 15.) Lane attached to his complaint a copy of the appellate brief filed by appellees in *Lane II*.

{¶ 16} Lane also attached to his complaint a document captioned "[Lane's] First Set of Interogatories and Request for Production of Documents" and specifically requested "a copy of the affidavit from Walter Mahon [appellees] are alleging that is in their possession." (Sic passim.) (First Set of Interrogs.)

{¶ 17} Service of the complaint on appellees was completed on May 13, 2022 via certified mail. On May 10, 2022, Lane moved to change the case category from personal injury (Category C) to Foreclosure (Category E). On June 7, 2022, appellees filed a motion seeking a 28-day extension to respond to the complaint. Two days later, on June 9, 2022, the trial court entered a decision and final judgment denying Lane's motion to change case category as moot, denying appellees' motion for extension of time as moot, and sua sponte dismissing Lane's complaint with prejudice.

{¶ 18} The trial court based its sua sponte dismissal of the complaint on two grounds. The court first determined: "There is no genuine dispute about one key point: [Lane's] sole allegation of fraud is premised upon a statement made in a formal legal brief within a judicial proceeding. As such, the statement is protected by the doctrine of absolute privilege applicable to judicial proceedings. * * * So, privilege for statements in judicial proceedings about an alleged piece of evidence – 'a declaration from attorney Walter Mahone [sic]' – is dispositive and requires [Lane's] case to be dismissed." (June 9, 2022 Decision & Jgmt. Entry at 3, 4.)

{¶ 19} Secondly, the trial court determined because Lane's claim "appears to be identical to a previously decided cause of action," it was barred by res judicata. (Decision & Jgmt. Entry at 4-5.) The court specifically stated:

> This newly filed case includes the same three parties as the case decided last year in the Tenth District. [Lane's] attempt to fold-in a reference to the offending declaration, made while briefing the case on appeal, does not constitute a new, distinct harm given the prior history reviewed above. This new case – purportedly making a fraud claim – is therefore subject to dismissal under Civ.R. 9(B) for failure to allege with particularity a "fraud" which is new and not barred by the res judicata doctrine.

(Decision & Jgmt. Entry at 5.)

## II. Assignments of Error

{¶ 20} Lane appeals and assigns the following three assignments of error for our review:

> [I.] The trial court errored by stating that Briefs are not permissible as evidence in Trial Court. Ohio Rules of evidence 401. Briefs can also be used as new evidence in a new Trial. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence Spizak vs Koyl, Bennet vs Dyers Cleaners Inc.
>
> [II.] Civil Rule 55: When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor. Spisak v. Coyle Case No.: 1:95 CV 2675 (N.D. Ohio Apr. 18, 2003) Cited 1 times 6 more... Ohio civil rule 33,34
>
> [III.] The Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution guarantees an accused the right to due process of law and a fair trial.

(Sic passim.)

## III. Analysis

{¶ 21} Collectively, Lane's assignments of error contend the trial court erred in sua sponte dismissing his complaint. We disagree.

{¶ 22} Proceedings under Civ.R. 12(B)(6) to dismiss a complaint for failure to state a claim upon which relief can be granted test the sufficiency of the complaint on its face and the sufficiency of the attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). For a court to dismiss for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14; *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{¶ 23} The court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190 (1988). "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York, Adm. v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Morrow v. Reminger & Reminger Co., L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

{¶ 24} The Supreme Court of Ohio has stated the rules of civil procedure neither expressly permit nor forbid courts to sua sponte dismiss a complaint. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108 (1995). Generally, a court may dismiss a complaint on its own motion only after the parties are given notice of the court's intention to dismiss and an opportunity to respond. *Id.* However, this court has recognized exceptions to that general rule, allowing sua sponte dismissal without notice where a complaint is frivolous or a claimant obviously cannot possibly prevail on the facts

alleged in the complaint.  *Bullard v. McDonald's*,[1] 10th Dist. No. 20AP-374, 2021-Ohio-1505, ¶ 10, citing *State ex rel. Bunting v. Styer, Pros. Atty.*, 147 Ohio St.3d 462, 2016-Ohio-5781, ¶ 12.

**{¶ 25}** The trial court's first basis for dismissing Lane's complaint was that his claim of fraud on the court, based solely on appellees' assertion about Mahon's Declaration in their appellate brief in *Lane II* constituted a statement made during a judicial proceeding and was therefore protected by the doctrine of absolute immunity.

**{¶ 26}** Initially, we note the statement Lane claims was fraudulent, i.e., that "[appellees] had a declaration from Attorney Walter Mahone [sic] [Lane's] agent stating that a modification was dangled in front of Thomas Lane and he never did anything to accept the agreement such as signing the necessary documents" does not appear in appellees' brief in the manner described by Lane.  (Case No. 19CV-7293 Compl. at 4.)  To be sure, appellees referenced the Mahon Declaration in their brief; however, appellees did not set forth the specific statement claimed by Lane.  Lane appears to have appropriated the statement from the trial court's February 10, 2010 entry denying his Objection to the confirmation of sale and attributed it to appellees.

**{¶ 27}** Moreover, even if appellees' *Lane* brief included the statement as alleged by Lane, " '[s]tatements made "in a written pleading or brief, or in an oral statement to a judge or jury in open court, is absolutely privileged if it has some reasonable relation to the judicial proceeding in which it appears." ' "  *Schmidt v. Grossman Law Office*, 10th Dist. No. 14AP-127, 2014-Ohio-4227, ¶ 14, quoting *Morrison v. Gugle*, 142 Ohio App.3d 244, 259 (10th Dist.2001), quoting *Michaels v. Berliner*, 119 Ohio App.3d 82, 87 (9th Dist.1997); *Am. Chem. Soc. v. Leadscope, Inc.*, 10th Dist. No. 08AP-1026, 2010-Ohio-2725 (parties

---

[1] In *Bullard,* this court recently considered the sua sponte dismissal of an amended complaint pursuant to Civ.R. 12(B)(6). There, we noted that under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  We further noted that although Civ.R. 12(B)(6) neither expressly permits or forbids a court from sua sponte dismissing a claim for failure to state a claim, a court generally may dismiss a complaint on its own motion only after the parties are given notice of the court's intention to dismiss and an opportunity to respond.  We further averred that a sua sponte dismissal without notice may be warranted if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged. We then set forth the standard governing Civ.R. 12(B)(6). In the present case, after citing to *Bullard*, the trial court stated, "it is clear that no relief can be granted on the facts alleged in Mr. Lane's complaint." (Decision & Jgmt. Entry at 3.) Although the trial court did not expressly reference Civ.R. 12(B)(6), we can fairly construe the court's language as implicitly employing the Civ.R. 12(B)(6) standard.

immune from actions for defamatory remarks made during and relevant to judicial proceedings).

{¶ 28} Lane does not argue the allegedly fraudulent statement made by appellees in their brief was not made in a judicial proceeding or was not reasonably related to issues in that proceeding. Rather, he alleges appellees were not in possession of the Mahon Declaration. Lane's assertion in this regard is without merit, as he filed Mahon's Declaration as an attachment to his June 9, 2009 Objection to the confirmation of sale in the foreclosure action; as such, appellees undoubtedly had access to it. Thus, we find no error in the trial court's sua sponte dismissal of Lane's claim on absolute immunity grounds.

{¶ 29} Because Lane's action must be dismissed on the basis of absolute immunity, we need not address the alternative basis for dismissal, i.e., res judicata.

{¶ 30} We also find unavailing Lane's argument that the trial court could not dismiss his complaint without allowing him time to file a motion for default judgment. Pursuant to Civ.R. 55(A), when a party against whom judgment is sought fails to plead or otherwise defend, the opposing party may apply to the court for default judgment. *Lopez v. Quezada*, 10th Dist. No. 13AP-389, 2014-Ohio-367, ¶ 11. Typically, default judgment is appropriate against an unresponsive defendant because failure to appear or defend against a plaintiff's claims is deemed a confession of the veracity of the claims, and therefore, an admission of liability. *Id.* at ¶ 12, citing *Ohio Valley Radiology Assocs., Inc., v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121 (1986). Nonetheless, the claims asserted by the plaintiff must satisfy Civ.R. 12(B)(6) as claims upon which relief may be granted to justify the grant of default judgment. *Id.* at ¶ 13, citing *Beach Body Tanning, Inc. v. Kovach*, 8th Dist. No. 85142, 2005-Ohio-2629, ¶ 26. Thus, "where the plaintiff has failed to state a claim, default judgment on that claim is improper." *Id.*, citing *Vikoz Ents., L.L.C. v. Wizards of Plastic Recycling, Inc.*, 9th Dist. No. 25759, 2011-Ohio-4486, ¶ 7.

{¶ 31} Here, we have already determined Lane's complaint fails to state a claim upon which relief can be granted under the doctrine of absolute immunity. Thus, even had the trial court deferred dismissal of Lane's complaint until after he filed a motion for default judgment, default judgment would have been improper. *Id.*

{¶ 32} The remaining argument in Lane's brief, i.e., that his propounding of discovery on appellees prevented the trial court from dismissing the complaint, is unsupported by any relevant authority and lacks any development warranting discussion. "It is the duty of the appellant, not the appellate court, to construct the legal arguments necessary to support the appellant's assignments of error." *Bond v. Canal Winchester*, 10th Dist. No. 07AP-556, 2008-Ohio-945, ¶ 16, citing *Whitehall v. Ruckman*, 10th Dist. No. 07AP-445, 2007-Ohio-6780, ¶ 19-20. When an appellant merely lists an error in their assignments of error but fails to argue it in their brief, we need not address it. *See* App.R. 12(A). *See also* App.R. 16(A)(7). Accordingly, we will not address Lane's argument regarding his propounding of discovery on appellees.

## IV. Conclusion

{¶ 33} Because the trial court did not err when it applied principles of absolute immunity to sua sponte dismiss Lane's complaint, Lane's three assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN, LUPER SCHUSTER, and EDELSTEIN, JJ., concur.

———————