[Cite as *Schmaltz v. DK Hardware Supply*, 2023-Ohio-4084.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| SHANE SCHMALTZ, | : | |
| Appellant, | : | CASE NO. CA2023-03-006 |
| | : | O P I N I O N |
| - vs - | | 11/13/2023 |
| | : | |
| DK HARDWARE SUPPLY, | : | |
| Appellee. | : | |

CIVIL APPEAL FROM MADISON COUNTY MUNICIPAL COURT
Case No. CVI2300063

Shane Schmaltz, pro se.

DK Hardware Supply, pro se.

**HENDRICKSON, P.J.**

{¶ 1} Appellant, Shane Schmaltz, appeals from a decision of the Madison County Municipal Court dismissing his small claims complaint against appellee, DK Hardware Supply.[1] For the reasons that follow, we affirm the trial court's decision.

{¶ 2} On January 26, 2023, appellant, appearing pro se, filed a small claims

---

1. Pursuant to Loc.R. 6(a), we sua sponte remove this case from the accelerated calendar for the purposes of issuing this opinion.

complaint against appellee, a Florida-based company. Appellant's complaint indicated he was seeking $5,721.22, plus interest at a rate of 8 percent, for a "canceled order was waiting on in October that I was waiting since June on [sic]. Part is backordered so had to pay much higher price after cancelation." An information sheet attached to the complaint further stated that the debt appellee allegedly owed to appellant occurred due to a "canceled order of backdated part 4 months after I placed order. Since they lost me time had to buy elsewhere at a much higher price." Appellant attached an order confirmation printout indicating that on June 27, 2022, he purchased with a credit card a "Siemens MM0404L1400RLM 400 Amp 4-Space 4-Circuit Levery Bypass Meter Main Combination with Ringless Cover" from appellee for $1,104.56. After tax and shipping, the total was $1,233.78. Appellant also attached an "Order Details" printout indicating that on December 15, 2022, he purchased a "MM0404L14000RLM" from an unspecified seller for $6,955.00 using a PayPal account.

{¶ 3} On February 23, 2023, appellant appeared before a magistrate for a pretrial conference on his complaint. At the pretrial conference, the magistrate attempted to clarify the basis for appellant's claim. During his discussions with the magistrate, appellant indicated that he learned after ordering the part from appellee that it had been backordered, and the date it would be ready had been pushed back multiple times. On October 10, 2022, he learned the item he ordered was not expected to be delivered until mid-March 2023. Appellant asked appellee for a "refund check." From additional discussions with a customer service representative for appellee, appellant believed the refund would be issued through his PayPal account. When he followed up with the customer service representative ten days after asking for a refund, he learned the full purchase amount had been refunded to his credit card.

{¶ 4} Appellant and the magistrate engaged in the following conversation regarding

the refunded money:

> [Appellant]: So that's where the issue runs. They should not have canceled my order if they weren't going to be able to refund me the way that we discussed it.
>
> THE COURT: Well, did you get the money back, yes or no?
>
> [Appellant]: I did not get the money back the way we requested.
>
> THE COURT: Well, no. That's not what I'm asking. Did you get your money back?
>
> [Appellant]: No because it got applied to our credit card.
>
> THE COURT: Okay. So it went on your credit card?
>
> [Appellant]: Yes.
>
> THE COURT: So you got the money on your credit card?
>
> [Appellant]: I never received that money though. It went to the credit card.
>
> THE COURT: And paid off what you had on the credit, right?
>
> [Appellant]: I mean, it went towards the balance on my credit card. Yes. But that's not the same thing as we discussed.
>
> THE COURT: Yeah, it is. You – I'm reading this and I'm wondering, how do they owe you anything? Under what theory of law do you think they owe you anything? Cause they don't. Everything's on backorder. * * * Stuff's on backorder.
>
> [Appellant]: Your Honor, this is the difference between being on backorder and not. It's not a – I was completely understanding about it being backordered and then we had the conversation. There is an agreement which is able to be enforced in court. I'm – your Honor, I do appreciate your belief that that's the case. But there are laws in effect in Ohio that you're able to enforce an agreement. We had an agreement. They broke that agreement.
>
> THE COURT: They broke their agreement because the supply chain is broke. * * * If there is a supply chain breakdown, then it's on you once you know the supply chain is broken to make your adjustment, whatever it is. It's not on [appellee] to bail you out or help you once you know they are in a supply chain breakdown.

- 3 -

[Appellant]:  You're Honor, you're focusing on the wrong issue.

THE COURT:  No.  I'm focusing on the right issue because I studied this.  * * *  You don't have – just because you had to order different stuff that was more expensive, doesn't mean that it's on them.

[Appellant]:  It's on them because they canceled my order.

THE COURT:  They canceled your order.  You canceled the order.

[Appellant]:  No.  I asked for a specific thing to be done and it didn't happen.

THE COURT:  It can't happen if it can't happen.  You were informed it was on backorder.  So I'm going to dismiss this case. There's nothing here.

[Appellant]:  Thank you, your Honor.

{¶ 5}  On March 1, 2023, the magistrate set forth an entry dismissing the case. Seven days later, appellant moved to set aside the magistrate's order, arguing that the magistrate erred in dismissing his complaint as the magistrate "made a false equivalence" in finding money being refunded to his credit card was the same as him receiving a refund via PayPal or check.  Appellant contended that once appellee decided it would not refund the money via PayPal or check, appellee "should have contacted [him] instead of refunding the credit card [he] specifically asked them not to refund.  When they broke the agreement, [he] encountered damages from them canceling the order without [his] permission."  On March 10, 2023, the trial court issued a decision denying appellant's motion to set aside the magistrate's dismissal of his complaint.

{¶ 6}  Appellant appeals the dismissal of his complaint, asserting three assignments of error.  As the assignments of error are related, we address them together.

{¶ 7}  Assignment of Error No. 1:

{¶ 8}  THE SMALL CLAIMS COURT ARGUED A FALSE EQUIVALENCE THAT I

WAS REFUNDED AS REQUESTED.

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE SMALL CLAIMS COURT FAILED TO ALLOW ME TO PRESENT MY CASE IN THE PRETRIAL.

{¶ 11} Assignment of Error No. 3:

{¶ 12} THE SMALL CLAIMS COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN GRANTING A MOTION TO DISMISS.

{¶ 13} Collectively, appellant's assignments of error contend the trial court erred in sua sponte dismissing his complaint.[2] We disagree.

{¶ 14} "Proceedings under Civ.R. 12(B)(6) to dismiss a complaint for failure to state a claim upon which relief can be granted test the sufficiency of the complaint on its face and the sufficiency of the attached documents." *Lane v. U.S. Bank N.A.*, 10th Dist. Franklin No. 22AP-358, 2023-Ohio-1552, ¶ 22, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). "For a court to dismiss for failure to state a claim upon which relief can be granted, it must appear beyond a doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief." *Id.*, citing *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.

{¶ 15} The court must presume all factual allegations contained in the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). "The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint." *Lane* at ¶ 23.

---

2. An individual appealing pro se is "bound by the same rules and procedures as licensed attorneys." *Everbank Mtge. v. Sparks*, 12th Dist. Warren No. CA2011-03-021, 2012-Ohio-886, ¶ 8. The burden of affirmatively demonstrating error on appeal falls on appellant, and this court will not "root out" arguments to support his contentions. *See id.*; *Hauser & Taylor, LLP v. Accelerated Systems Integration, Inc.*, 8th Dist. Cuyahoga No. 84748, 2005-Ohio-1017, ¶ 10.

{¶ 16} "In general, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted, only after the parties are given notice of the court's intention to dismiss and an opportunity to respond." *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 161 (1995). "However, a court may sua sponte dismiss a complaint without such notice where the complaint is frivolous or where it is obvious the claimant cannot prevail on the facts alleged in the complaint." *Ebbing v. Stewart*, 12th Dist. Butler No. CA2016-05-085, 2016-Ohio-7645, ¶ 27, citing *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108 (1995). Furthermore, pursuant to Civ.R. 16(C)(2)(p), at a pretrial conference, a court may act to facilitate the "just, speedy, and inexpensive disposition of the action."

{¶ 17} Here, appellant brought a claim for breach of contract, contending that he was entitled to damages of over $5,000 because a part he ordered was backordered and then canceled. However, when appellant spoke with the magistrate at a pretrial hearing, he openly admitted that he asked appellee for a "refund check" upon learning the item he ordered was backordered until mid-March 2023. He also openly admitted that he received a full refund for the item from appellee. The funds were refunded to appellant by means of the original method of payment. That is, the credit card appellant used to purchase the Siemens MM0404L1400RLM 400 Amp was credited in the same amount as the initial purchase price.

{¶ 18} As this court has previously recognized, where a party admits to facts in their written filings and when appearing before the court, it is appropriate for the court to rely on such admissions in ruling on a Civ.R. 12(B)(6) motion. *Siliko v. Miami Univ.*, 12th Dist. Butler No. CA2021-12-162, 2022-Ohio-4133, ¶ 26. Here, appellant admitted to requesting a refund from appellee and to actually receiving a full refund. As such, there is no real controversy between the parties. The fact that the refund was provided via the original form

of payment rather than by a check or through PayPal does not give rise to a cause of action for breach of contract. The trial court, therefore, did not err in sua sponte dismissing appellant's complaint pursuant to Civ.R. 12(B)(6) as it was obvious appellant could not prevail on the facts alleged in the complaint.

{¶ 19} Appellant's assignments of error are without merit and are hereby overruled.

{¶ 20} Judgment affirmed.

PIPER and BYRNE, JJ., concur.